PER CURIAM.
This matter is before the court on a petition of Robert Jolly for writ of habeas corpus.
It appears that the defendant is in the custody of the Division of Corrections of Florida as a result of judgment and sentence by the Circuit Court of Pinellas County, Florida. The petitioner alleges that he was apprehended in Kentucky and forcibly brought to Florida for trial, was not extia-dited and did not waive extradition.
A prisoner who has been convicted of a crime and sentenced to imprisonment therefor, after having been given a fair trial in accordance with constitutional procedural safeguards, is not entitled to relief by way of habeas corpus merely because he was brought within the court’s jurisdiction by reason of a “forcible abduction” or by an abuse of legal process. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Hobson v. Crouse, 10 Cir., 1964, 332 F.2d 561; Hunter v. State, Fla.App.1965, 174 So.2d 415, Opinion filed April 27, 1965.
Accordingly, the petition for writ of ha-beas corpus is
Denied.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.