WARREN, LAMAR, Associate Judge..
This is an appeal by the state of Florida., from an order of the criminal court of record, Orange County, quashing all counts of' an information against the defendant-ap-pellees, which in the main charged violations of F.S. § 849.09, F.S.A., prohibiting lottery.
Following the filing of the information, . which was in ten counts, motions to sup *919 press the evidence were filed by the defendants, to which a traverse was filed by the state. The evidence which the motions sought to suppress had been obtained by a search on November 18, 1961, nearly two years prior to the filing of the information, by federal law enforcement agents and •other officers pursuant to a federal search warrant at premises located in Orange County. The inventory of the property taken included adding machines, packages of numbers slips and pads, tally sheets, office supplies, a foot locker containing records, and a small amount of cash.
The cause came on to be heard upon the ■motions to suppress and in its order of July 10, 1964, granting the motions, the •court found that “the only issue now fairly before this Court is whether or not the officers in execution of the search warrant herein substantially complied with Section '933.09 F.S.A. or its cousin Federal statute .3109 U.S. Code.” The court in its order .also referred to subsection (1) of § 901.19, F.S.A.
Section 933.09 provides as follows: “The •officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to •execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.” Subsection (1) of § 901.-19, F.S.A., is as follows: “An officer, in order to make an arrest either by virtue of & warrant, or when authorized to make •such arrest for a felony without a warrant, may break open a door or window of any building in which the person to be arrested is or is reasonably believed to be, if he is refused admittance after he has announced his authority and purpose.”
After referring to authorities, the court stated that, “It is the court’s opinion every case involving interpretation of Sections 901.19 and 933.09, Florida Statutes Annotated, should be decided upon the facts and circumstances of each particular case and that there is no exact formula or norm by which to decide such issues. Had the defendants in this case been known violators of the gambling laws and had the premises sought to be searched in this particular case been one that had frequently housed illegal activities or had the arresting officers testified, and had reasonable ground to believe, that they had complied with the law with respect to giving notice of their presence, the defendants would have destroyed any and all evidence sought to be obtained by said search warrant and frustrated the officers’ bona fide attempt to execute said search warrant, the Court would have come to different conclusions and made a different finding that it has herein. The officers have offered no testimony or excuse for non-compliance with section 933.09 Florida Statutes Annotated, and found no weapons whatsoever in said premises or on any of the defendants at the time of their search nor any indication nor any evidence that any evidence had been destroyed or attempted to be destroyed nor was there any testimony that the officers feared or anticipated any violence or resistance on the part of the occupants of said building. * * * Danger indeed lies when police officers insist upon falling into irregular practices for the sake of expediency and convenience as was done in this particular case and the court cannot conscientiously find that the officers herein substantially complied with the requirements of Section 933.09 in executing warrant in this particular case.”
After the above order was entered, the defendants orally moved to quash the information on the ground that the evidence suppressed was used by the county solicitor, upon which to base the information, contrary to law and against the constitutional rights of the defendants, and further that the defendants were thereby granted immunity by the use of such evidence under § 932.29. To this motion, the state filed a traverse and motion to dismiss, certain paragraphs of which were as follows: “2. That said captioned information was filed based upon sworn testimony taken by me *920 and tangible evidence examined by me during the year 1963 prior to the filing date of the information. 3. That said sworn testimony and tangible evidence pertain to the named defendants and others as regards their activities during the months of July, August, September, October and November, 1961, and included sworn testimony pertaining to tangible evidence allegedly seized by federal law enforcement agents pursuant to a federal search warrant in a raid conducted November 18, 1961 at a premises located on Fisherman’s Paradise Road, Orange County, Florida, a copy of said federal search warrant and affidavits being attached hereto and made a part of this Motion as Exhibit 1. 4. That this sworn testimony identified the tangible evidence allegedly seized at said raid to be lottery tickets and gambling paraphernalia as defined by the laws of Florida, and not private personal books and records. * * * 10. That the State of Florida is prepared and ready to proceed with the trial of the captioned cause by the presentation of testimony and tangible evidence, other than that which was suppressed on or about July 10, 1964, which was taken under oath and examined prior to the filing of said information, on the trial date of August 31, 1964.”
Section 932.29 is as follows: “No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against * * * gaming or gambling * * * upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime * * * but no person shall be prosecuted * * * for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”
Thereafter, the Court granted the motion to quash the information, citing for authority, State ex rel. Byer v. Willard, 1951, 54 So.2d 179, and Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. Notice of appeal followed, which recited that the state took and entered its appeal from the order quashing all counts of the information, said order being entered August 31, 1964.
The state has stated two points, namely, whether the defendants were immunized, from state prosecution through the operation of F.S. § 932.29, F.S.A., when a. search pursuant to a search warrant by state and federal officers produced for use by state prosecutors the items listed in the-inventory to the warrant and shown in-photographs taken at the time of search;, and whether an information was invalid and properly quashed when based in part on-evidence seized in a search pursuant to a. warrant, but suppressed because of improper execution of the warrant.
An analysis of Gouled v. United States, supra, as far as it is pertinent, is fully set out in State ex rel. Byer v. Willard, supra, and need not be detailed here. It is sufficient to say that certain private papers, were taken from the defendant’s office under a search warrant, the same having been-, seized for use as evidence against him. The court held that papers of no pecuniary-value but possessing evidential value against a person presently suspected and subsequently indicted, when taken under search warrants from the house or office of the person suspected, were seized and taken in-violation of the fourth amendment against all unreasonable searches and seizures; and that if the papers are admitted in evidence over objection against such person at trial, the admission in evidence is a violation of the fifth amendment, forbidding that a person shall be compelled to be a witness against himself in a criminal case. In noting (41 S.Ct. p. 264) the recognized in *921 stances for lawful searches and seizures the court said, “All of this is abundantly recognized in the opinions of the Boyd [Boyd v. United States, 116 U.S. 616, 6 S. Ct. 524, 29 L.Ed. 746] and Weeks [Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652] Cases, supra, in which it is pointed out that at the time the Constitution was adopted stolen or forfeited property, or property liable to duties and concealed to avoid payment of them, ex-cisable articles and books required by law to be kept with respect to them, counterfeit coin, burglars’ tools and weapons, implements of gambling 'and many other things of like character’ might be searched for in home or office and if found might be seized, under search warrants, lawfully applied for, issued and executed.
“Although search warrants have thus been used in many cases ever since the adoption of the Constitution, and although their use has been extended from time to time to meet new cases within the old rules, nevertheless it is clear that, at common law and as the result of the Boyd and Weeks Cases, supra, they may not be used as a means of gaining access to a man’s house or office and papers solely for the purpose of making search to secure evidence to be used against him in a criminal or penal proceeding, but that they may be resorted to only when a primary right to such search and seizure may be found in the interest which the public or the complainant may have in the property to be seized, or in the right to the possession of it, or when a valid exercise of the police power renders possession of the property by the accused unlawful and provides that it may be taken.”
The question before the court for decision in State ex rel. Byer v. Willard, supra, was whether the trial court should be prohibited from trying the relators upon a criminal information bottomed solely upon an indictment returned by the grand jury, where the grand jury, in finding the indictment, made use of evidence obtained from an examination of relators’ private books and records that had been seized under a search warrant for evidential purposes only. After examining Gouled, the court found the same so strongly persuasive as to be decisive, remarking that, “And since section 932.29, supra, prescribes that where a person has been compelled to give evidence under such circumstances the fact of his giving it will immunize him from indictment, prosecution, or punishment for the offense concerning which it was given, it follows that a person from whom evidence has thus been obtained cannot be tried or punished on an information predicated on such evidence, and consequently that prohibition will lie to restrain the trial court from an excess exercise of jurisdiction.” The court added, “There is no suggestion in the transcript that the books and records seized under the search warrant were contraband and not the proper subject of ownership, or that they were of that class required by law to be kept by any particular organization, occupation or business impressed with a public interest and hence subject to inspection under the police power. * * * Indeed, the entire record leads to the contrary conclusion, that they were wholly private and harmless in character, were lawfully possessed, and were not being used as instrumentalities in the perpetration of frauds or crimes.”
In pursuing its first question, whether the defendants were immunized under § 932.29, the state has urged that it is critical that a decision be made in this case characterizing the items listed in the inventory of property taken, stating that only if it is found that the items are private papers of the defendants, in their possession lawfully, seized only for evidential use, can the above statute have any operation under State ex rel. Byer v. Willard. It was reasoned by the state that the items seized did not fall into the classification of private business records, Joyner v. City of Lakeland, Fla., 90 So.2d 118 and other cases being offered; therefore, neither Gouled v. United States nor State ex rel. Byer *922 v. Willard had application to the facts of this case, since there were no private records involved.
Although there is substance to the state’s contention, we do not feel the character of the items need be established, for it will be remembered that the state’s traverse indicated, and paragraph 10 particularly asserted, that the state was ready to proceed to trial with testimony and tangible evidence other than that which was suppressed. And at oral argument of this appeal, it was affirmed by the state that it did not intend to use the evidence suppressed, or any evidence produced by the search. The extent of the statute was set forth in State ex rel. Marcus v. Pearson, Fla., 68 So.2d 400, where the court said through Justice Sebring, who also wrote State ex rel. Byer v. Willard, “The language of the statute, and its previous application in an analogous situation, makes it plain that the immunity clause was not intended to protect a witness from prosecution for all crimes, even though they may be generally related to the subject matter of the grand jury investigation, but was intended to grant immunity from prosecutions only for offenses in connection with the specific ‘transaction, matter or thing concerning which’ the accused actually testified or produced evidence. This is as far as the immunity need, or should, extend in order to meet the requirements of justice and constitutional guarantees.” Also, see State ex rel. Mitchell v. Kelly, Fla., 71 So.2d 887, 895. Furthermore, the state woud be precluded from using the suppressed evidence. “This Court long ago concluded that evidence obtained as the product of an unreasonable search is not admissible in a criminal proceeding. Florida has long recognized the so-called exclusionary rule regarding the admissibility of such evidence.” Sing v. Wainwright, Fla., 148 So.2d 19. Also, see Varon on Searches, Seizures, and Immunities, Volume 2, Section 5, page 650.
A decision of interest is the one of Capitoli v. State, Fla.App., 175 So.2d 210, wherein the defendants sought reversal on the ground that the trial court erred in admitting over their objections certain evidence allegedly obtained by an unreasonable search and seizure. The record disclosed that the trial judge disregarded such evidence and based his findings exclusively upon other evidence which supported his-findings. The court related that, “Ignoring the items of evidence obtained by the challenged search and seizure and all testimony based on such items, the record contains evidence amply sufficient to sustain-the convictions. Moreover, that evidence,, taken by itself, leaves no doubt of the appellants’ guilt. Since the trial judge, sitting without a jury, stated that he based his findings exclusively upon such evidence and that he disregarded the challenged evidence, the error, if any, in the admission of such evidence was harmless.” State ex rel. Marcus v. Pearson, supra.
While the defendants herein may not be prosecuted upon the the evidence obtained by the unreasonable search and seizure, it does not follow that they are immune or that they may not be prosecuted upon any other tangible evidence which, the state has, other than that which was-suppressed.
Considering the state’s second-point, one of the grounds of the defendants” motion to quash the information was that the 'evidence suppressed was used by the-county solicitor upon which to base the information. The state’s traverse alleged that it was prepared to proceed with trial1 on evidence other than that which was suppressed. The court’s order quashing the information did not appear specifically-to deal with this ground, nevertheless, the-decision of State v. Schroeder, Fla., 112 So. 2d 257, is in point, wherein it was ruled; that, “We therefore conclude that it is still the law of this State that a court will not, for the purpose of determining a motion; to quash, consider the legality, character,. *923 ■or sufficiency of the evidence' upon which .an indictment or information is based.”
Reversed, and the cause remanded for •further proceedings.
SHANNON, Acting C. J., and AN-TDREWS, CHARLES O., Jr., Associate Judge, concur.