237 So.2d 281 (1970)
Floyd CHANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 69-215.
District Court of Appeal of Florida, Fourth District.
June 19, 1970.
Rehearing Denied August 6, 1970.
*282 Frederick W. Daily, III, of Ives & Davis, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The defendant appeals from a conviction in the Criminal Court of Record for Palm Beach County, Florida. The primary issue is whether or not the trial court erred in overruling defendant's pretrial motion to suppress certain tangible objects taken from his vehicle shortly after his arrest.
At the time the defendant was arrested, according to defendant's testimony, the arresting officer told the defendant that he was under arrest for "breaking and entering a telephone". Defendant argues that this was a misdemeanor under Section 822.10, F.S. 1965, F.S.A., and, since it was not committed in the officer's presence, the arrest without a warrant was invalid. The arrest being invalid, it could not have provided according to defendant a predicate for the incidental search which yielded the objects the defendant sought to suppress.
An arrest without a warrant could be made under Section 901.15(3), F.S. 1965, F.S.A.;
"When [the arresting officer] * * * has reasonable ground to believe that a felony has been * * * committed and reasonable ground to believe that the person to be arrested has committed * * * it."
This statute provides a standard that conforms to the constitutional requirements of the Fourth Amendment to the United States Constitution and Section 22 of the Declaration of Rights of the Florida Constitution of 1885 (now Section 12 of the Declaration of Rights of the Revised Constitution). Whether or not the arresting officer had a reasonable ground to believe that a felony had been committed and that the person to be arrested was the one who had committed the felony is a mixed question of law and fact which must be decided by the court, when this issue is presented in connection with a motion to suppress or by objection to items offered in evidence. The jury plays no part in the resolution of the issue. Urso v. State, Fla.App. 1961, 134 So.2d 810; Brown v. State, Fla. 1950, 46 So.2d 479. Since this issue is exclusively for decision by the trial judge, the judge has the responsibility of weighing the evidence and determining matters of credibility. It follows that his ruling should not be reversed on appeal where supported by competent substantial evidence. Compare Graham v. State, Fla. 1956, 91 So.2d 662, 663, wherein the role of the trial judge in passing on the admissibility of a confession is discussed.
*283 In determining whether or not the arresting officer had a reasonable ground for his arrest, the standard to be employed by the trial judge is the standard of conduct which would have been employed by a reasonable man in the position of the arresting officer at the time of the arrest acting with the knowledge which at that time was possessed by the arresting officer. State v. Outten, Fla. 1968, 206 So.2d 392, 397; Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 171, 4 L.Ed.2d 134. If a reasonable man in that position would have concluded that he had reasonable grounds to believe that the defendant had committed a felony, the arrest without a warrant was authorized by Section 901.15(3), F.S. 1965, F.S.A.
The validity of an arrest does not turn on the label given the arrest by the arresting officer. Even though the arresting officer may have labeled the cause for the arrest a misdemeanor, such will not invalidate an arrest where the facts, when measured by the standard mentioned above, provided reasonable grounds for the arrest without a warrant under the pertinent statute. Bell v. United States, 1957, 102 U.S. App.D.C. 383, 254 F.2d 82, 86 (cert. den. 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113); Simms v. State, 1968, 4 Md. App. 160, 242 A.2d 185, 189; Hoskins v. State, Fla.App. 1968, 208 So.2d 145. Any other rule would be an unjustified preference of form over substance.
It is a well established principle in Florida that an arrest is not complete until it has been communicated to the person to be arrested. The arrest of Chaney, therefore, did not occur until Chaney was returned to the telephone station and the arrest was announced to him by the arresting officers. Chance v. State, Fla.App. 1967, 202 So.2d 825; Lowe v. State, Fla. App. 1966, 191 So.2d 303. At the time of the arrest, the arresting officers had been advised by two purported eye witnesses that the defendant had carried off a coin box from the public telephone which was hanging on a wall outside a store. He had left in a truck. The arresting officers knew from their personal activities that the defendant was apprehended shortly after he had allegedly been seen committing the theft. When the arresting officers returned to the scene of the theft, they personally determined that the coin box was missing from the telephone and the two purported eye witnesses identified the defendant as one of the men whom they had allegedly seen departing with the coin box. A reasonable man possessed of this knowledge would surely have concluded that the defendant Chaney had removed the coin box from the public telephone and that he was or had been possessed of burglarious tools designed and intended for that purpose. Measured by the reasonable man test, the arrest without a warrant was valid for the felony of possession of burglarious tools. Since the arrest was valid, the incidental search was also valid and the tools discovered in the course of the search were admissible in evidence. The trial court correctly ruled on this point by denying the motion to suppress.
We have reviewed the other point raised by the defendant and do not consider it to have merit or require discussion.
The judgment and sentence appealed from are affirmed.
Affirmed.
McCAIN and OWEN, JJ., concur.