**UNITED STATES of America**

v.

**Joseph M. JOYNER, Appellant.**

No. 73–1421.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 11, 1974.

Peter R. Kolker, Washington, D.C., (appointed by this court) was on the brief for appellant.

Harold H. Titus, Jr., U.S.Atty., John A. Terry, Barry W. Levine and Harry R. Benner, Asst. U.S.Attys., were on the brief for appellee.

Before McGOWAN, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

This appeal is from convictions for bank robbery, armed robbery, and assault with a dangerous weapon. The Government notes that the armed robbery conviction should be vacated, United States v. Canty, 152 U.S.App.D.C. 103, 469 F.2d 114 (1972), and we so order. The validity of the remaining convictions turns on the question of whether probable cause existed to support a warrantless Florida arrest for suspected felony violations of Florida law.

The arrest was prompted by appellant's negotiation in Florida of a money order involved in the incident that led to Joyner's convictions for armed robbery, burglary, and felony murder in consolidated Nos. 73–1110 and 73–1169, —— U.S.App.D.C. ——, 492 F.2d 650. Since evidence relevant to both of Joyner's cases was seized in the Florida arrest, the District Court disposed of challenges relating to both during a single suppression hearing.

Appellant maintains that the arrest was invalid under the Florida statute governing arrest for crimes allegedly committed outside the state; and that the arrest cannot be validly premised on mere suspicion of criminal conduct within the State of Florida. The Government rests on the sole ground that the arrest finds support in the probable cause to believe that appellant committed felony violations within the State of Florida, and thus does not reach the question of the Florida statute.

Three of the Florida officers involved in the arrest testified. Subsequently, the court ruled that it was satisfied "that the arrest of [appellant] by plainclothes officers of the Palm Beach Police Department was based upon probable cause and was consistent with applicable Florida law."

While a fair reading of the transcript of the suppression hearing indicates that suspicion that appellant had committed the robbery and slaying leading to his possession of the money order was in the minds of the arresting officers, the hearing record also shows that the Florida officials believed that appellant's possession and negotiation of the money orders in Florida also constituted violations of Florida law. *See* Hearing Transcript at 16, 32, 34, 35, 42. Additionally, there is some testimony, albeit contradicted, that appellant was subsequently charged with Florida offenses. *Id.* at 20, 22, 38; *but see id.* at 59.

 The record appears to support the Government's contention that the Florida officials had probable cause to suspect violations of Florida law. The validity of the arrest is itself a question of Florida law. United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948); United States v. Morris, 445 F.2d 1233 (8th Cir.), cert. denied, 404 U.S. 957, 92 S.Ct. 322, 30 L.Ed.2d 273 (1971); Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749, cert. denied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690 (1952). Like most jurisdictions, Florida permits warrantless arrests of persons who are reasonably believed to have committed a felony. Fla.Stat.Ann. § 901.15. The dispositive issue is thus one of the existence of probable cause under Florida law.

 The Florida law of probable cause is similar to that of the District of Columbia. *See, e. g.,* Chaney v. State, 237 So.2d 281, 283 (Fla.App.1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971) and Chippas v. State, 180 So.2d 355, 358 (Fla.App. 1965), *both citing* Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958). In both jurisdictions an arrest will be upheld if probable cause exists to support arrest for an offense that is not denominated as the reason for the arrest by the arresting officer. *Bell, supra,* 102 U.S.App.D.C. at 387, 254 F.2d

at 86; *Chaney, supra,* 237 So.2d at 283; *Chippas, supra,* 180 So.2d at 357. Thus, the fact that the Florida officers relied principally on the D.C. offenses in arresting appellant and stated that fact to him at the time of arrest is not conclusive, provided this court finds that probable cause existed to support arrest of appellant for violations of Florida law. Although the Government has not cited any precisely controlling Florida authority for the existence of probable cause on these facts, Florida cases governing the permissible inferences of guilt to be derived from possession of stolen property, *see, e. g.,* State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); Taylor v. State, 241 So.2d 426 (Fla.App.1970), and general common sense indicate that probable cause existed to suspect that appellant had committed a number of violations of state law.

The convictions of bank robbery and assault with a dangerous weapon are affirmed, and the case is remanded with directions to vacate the conviction of armed robbery.

It is so ordered.