SMITH, Judge.
Pursuing Florida officers arrested appellant Akins in Bainbridge, Georgia, for resisting arrest with violence in the course of his two-state attempt to escape apprehension for a Tallahassee traffic offense. Sec. 843.01, F.S.1973. Without the benefit of extradition proceedings in Georgia, the arresting officers brought him back to Florida to face charges and trial. On his appeal from an order of the Circuit Court denying Akins a writ of habeas corpus, he asserts that his arrest and forcible return to Florida were illegal and that the State, having illegally secured his presence within the jurisdiction of a Florida court, may not try him.
It was held in Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886) and Frisbie v. Collins, 342 U.S. 519, 72 S. Ct. 509, 96 L.Ed. 541 (1952), that the manner in which an accused is brought into the jurisdiction of the prosecuting authority and court does not, on due process grounds, affect the court’s power to proceed. The trial court found that doctrine still viable in Florida and controlling in these circumstances. Jolly v. Wainwright, 175 So.2d 245 (Fla.App.2d, 1965); Hunter v. State, 174 So.2d 415 (Fla.App.3d, 1965). We agree. In Georgia the pursuing officers had outrun the reach of Florida statutes empowering them as officers to arrest Akins. Secs. 321.05, 901.25, F.S.1973. Georgia has no fresh pursuit statute comparable to § 941.31, F.S.1973. But the officers as private persons had power under Georgia law to effect the arrest. Sec. 27-211 Ga.Code.[1] This is not a case in which the police were foreclosed from invoking arrest privileges of private persons because they asserted and the accused acquiesced in the power of their official positions. Contrast Collins v. State, 143 So. 2d 700 (Fla.App.2d, 1962).
The State does not question that the terms of the Uniform Interstate Extradition Act, § 941.01 et seq., F.S.1973, and its counterpart Georgia statutes, §§ 44 — 401 to 44-429 Ga.Code Ann., apply. But, as the State argues, an accused has no constitutionally protected interest in extradition proceedings. Due process of law is satisfied when one present in court is convicted after being fairly apprised of the charges *61 and after a fair trial in accordance with constitutional safeguards. Frisbie, 342 U. S. at 522, 72 S.Ct. at 512, 96 L.Ed. at 545-46. The limitations justifiably placed on the doctrine when the government was privy to abduction, torture and kidnapping [United States v. Toscanino, 500 F.2d 267 (2d Cir. 1974)] do not require the complete abrogation of the rule. United States ex rel. Lujan v. Gengler, 510 F.2d 62 (2d Cir. 1975); United States v. Lovato, 520 F.2d 1270 (9th Cir. 1975); Jolly v. Wainwright, 175 So.2d 245 (Fla.App.2d, 1965). Neighboring states are not sanctuaries.
Affirmed.
RAWLS, Acting C. J., and MILLS, J., concur.

. “A private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and if the offense is a felony, and the offender is escaping, or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion.”