364 So.2d 934 (1978)
STATE of Louisiana
v.
James WILKENS.
No. 61887.
Supreme Court of Louisiana.
November 13, 1978.
*935 William J. O'Hara, III, Supervising Atty., New Orleans, Paul Brady, Student Practitioner, Loyola Law School Clinic, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Donald T. Giglio, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
James Wilkens was charged by bill of information with possession of heroin, a violation of La.R.S. 40:966. After a motion to suppress evidence was heard and denied, the defendant was tried by a jury of twelve persons and convicted of attempted possession of a controlled dangerous substance. Defendant was adjudged a multiple offender, La.R.S. 15:529.1, and sentenced to life imprisonment. From this conviction and sentence the defendant appeals and sets forth ten assignments of error.
On the morning of May 26, 1976, a confidential informant whose information had led to prior arrests and convictions told New Orleans policemen that James Wilkens, a black male about forty years old, was selling heroin from White Fleet taxicab number 1048, near a certain intersection in the vicinity of the Magnolia Housing Project. The informant claimed that he had purchased heroin from Wilkens in the taxi on several occasions, one of which had been within the past three days; that Wilkens kept drugs stored in an apartment on *936 South Robertson Street; and that Wilkens was armed with a blue steel revolver. Later the same morning a second confidential informant of unproven reliability gave police essentially the same information.
Several hours later, Officers McNeil and Peralta, and Assistant District Attorney Cuccia began surveillance of the Magnolia Housing Project from a police vehicle. The officers spotted Wilkens in White Fleet cab number 1048 parked on Washington Avenue. After observing a young woman approach the taxi, the officers drove around the block and stopped immediately behind the cab. By this time the woman had entered the cab and was "stooped over" in the front seat.
The officers alighted from their car, walked up to the taxicab and ordered Wilkens and the woman to get out and place their hands on the roof. After making a pat-down exploration of Wilkens' outer garments, Officer McNeil bent down and checked the "immediate area near Mr. Wilkens" at the open door of the vehicle. He saw a hypodermic syringe containing a brown substance on the floor of the cab almost flush with the front seat. The officers then informed the occupants of the cab that they were under arrest for possession of heroin.
Following the arrests a thorough search of the vehicle was conducted. A metal bottle cap containing a brown residue was found on the passenger side of the vehicle; a piece of folded tinfoil containing a brown powder was discovered in the ashtray; and, after defendant Wilkens gave his keys to Officer McNeil, a blue steel revolver was discovered in the locked glove compartment. Shortly after the defendant was arrested the officers obtained a warrant to search an apartment on South Robertson Street where additional drugs and paraphernalia were discovered. Defendant moved to suppress all evidence seized in the taxi and the apartment.
The police officers had no search warrant at the time they seized the hypodermic syringe, bottle cap, tinfoil packages, and revolver from the defendant's taxicab. A warrantless search is unreasonable and violates state and federal constitutions unless the prosecution can justify the search by one of the narrowly drawn exceptions to the warrant requirement. U.S.Const. amend. IV; La.Const. art. I, § 5. See, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Fearn, 345 So.2d 468 (La.1977).
Based on the record designated for our review, the ultimate issues raised by the instant case are: (1) whether the information received by the officers from the informant together with their own observations gave the policemen probable cause to arrest Wilkens; (2) whether Wilkens was actually arrested before any search or seizure was effected; (3) whether the arrest was invalid because the officers did not intend to arrest Wilkens for the crime for which probable cause existed; (4) whether the search resulting in the seizure of the syringe was constitutionally justified as an incident of the arrest; (5) whether the officers had probable cause to conduct the search which resulted in discovery of the other evidence located in the taxicab; and (6) whether there were exigent circumstances which justified the latter search without a search warrant.
Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Drew, 360 So.2d 500 (La.1978); State v. Herbert, 351 So.2d 434 (La.1977); State v. Ranker, 343 So.2d 189 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). In the present case, the officers had reliable and detailed information regarding the sale of heroin to one of the two informants who had contacted the police on the morning of the arrest. This information was partially confirmed by the second informant's tip and the officers' observations when they found defendant parked in the numbered taxicab at the designated location. Accordingly, we conclude that the *937 police officers had probable cause to arrest the defendant for the heroin transaction reported by the first informant.
A determination from the evidence that Wilkens was fully arrested before any search was made is a reasonable finding of fact. Louisiana Code of Criminal Procedure Article 201 defines an arrest as follows:
"Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
In construing the statute this Court recently stated:
"The statutory definition of `arrest' is keyed to the concept of restraint. It is the circumstances indicating intent to effect an extended restraint on the liberty of an accused, rather than the precise timing of an officer's statement: `You are under arrest,' that are determinative of when an arrest is actually made." State v. Sherer, 354 So.2d 1038, 1042 (La. 1978).
In the instant case, it is evident that the officers did not approach the taxicab merely to question its occupants. On the contrary, the evidence fully supports a finding that the officers effected an arrest of Wilkens by placing an extended restraint on his liberty when he was asked to step from the cab and place his hands on its roof.
The record is ambiguous as to whether the officers intended to arrest Wilkens for his conduct while in the company of the female arrestee immediately before they were taken into custody or for his alleged distribution of heroin to the reliable informant three days earlier. Portions of the officers' testimony suggest that they intended to arrest Wilkens only for the events which occurred within their view. However, the activity observed by the officers did not give rise to a probable cause to arrest Wilkens for his deeds on the day of the arrest. The question, therefore, is whether an arrest for a crime for which probable cause does not exist can ever be justified by the probable cause to arrest for another offense. Although the question appears to be res nova in Louisiana, several of the federal courts of appeal have given an affirmative answer in cases in which the arrest was not a pretext for an illegal search, but in which the officer, who had probable cause to arrest the defendant for a related offense, simply arrested him for the wrong reason. United States v. Joyner, 160 U.S.App.D.C. 389, 492 F.2d 655 (1974); Chaney v. Wainwright, 460 F.2d 1263 (5th Cir. 1972); Ricehill v. Brewer, 459 F.2d 537 (8th Cir. 1972); Klinger v. United States, 409 F.2d 299 (8th Cir. 1969). The rationale for these holdings seems to be that, except for pretextual arrests, which are shams and not considered arrests at all, Mills v. Wainwright, 415 F.2d 787 (5th Cir. 1969); Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968); Green v. United States, 386 F.2d 953 (10th Cir. 1967), the constitution requires only that an officer's actions be justified against an objective standard of probable cause, and it does not require that the state be penalized for a purely subjective mistake by an officer. Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Klinger v. United States, 409 F.2d 299 (8th Cir. 1969). We agree with the federal decisions and their underlying reasons. Accordingly, since probable cause existed to arrest Wilkens for the sale of heroin to the reliable informant, and because the arrest does not appear to have been effected for the purpose of creating an excuse to search, the arrest in the instant case was lawful.
When an arrest is made, it is reasonable for the arresting officer to search the "arrestee's person and the area `within his immediate control'  construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Chimel v. California, 395 U.S. 752 at 765, 89 S.Ct. 2034, at 2040, 23 L.Ed.2d 685 (1969); State v. Franklin, 353 So.2d 1315 (La.1977).
*938 The syringe was discovered on the floor in front of the driver's seat of the taxicab, and directly below the defendant as he stood by the cab's open door with his hands on its roof. Defendant easily could have reached a weapon or evidence lying on the vehicle's floor where the syringe was situated. Accordingly, there was ample justification for a search of this area of the floorboard because it was within Wilkens' immediate control.
The defendant correctly contends, however, that the State must educe additional proof to justify the subsequent seizures of the other items of evidence found in the taxicab. In State v. Guzman, 362 So.2d 744 (La.1978), No. 61,328 rendered September 5, 1978, this Court set forth the "automobile emergency" exception to the federal and state constitutional warrant requirements. Drawing on the opinion of the Supreme Court in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) we stated:
"The cases set out two conditions that must be satisfied before a warrantless search of a movable vehicle is authorized: (1) there must be probable cause to believe that the vehicle contained contraband or evidence of a crime; and (2) there must be `exigent circumstances' requiring an immediate warrantless search, i. e., the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. An immediate warrantless search is, therefore, constitutionally permissible when `the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' Chambers v. Maroney, supra, 399 U.S. at 51, 90 S.Ct. at 1981, 26 L.Ed.2d at 428."
In the present case the taxicab was searched only after the syringe containing a brown residue had been lawfully seized from inside the vehicle. The syringe, considered with all of the other facts known to the arresting officers, was sufficient to establish probable cause to conduct a full search of the taxi. A more difficult question is whether exigent circumstances were present which made it impractical for the police to secure a search warrant for the taxi.
We conclude, however, that circumstances existed which rendered the obtaining of a warrant impracticable and required an immediate search of the taxicab. The informants' tips indicated a series of heroin sales from the taxicab had occurred at the place where the arrests were made. Undoubtedly the marked and numbered taxicab was familiar to a number of addicts as a vehicle with narcotic drugs in store. Abandonment of the cab at the scene of the recent illicit activity in which it had been involved would have presented a significant possibility that its contents never may have been found again. It was the duty of the two police officers to promptly conduct the two persons arrested to the nearest jail or police station and cause them to be booked. La.C.Cr.P. art. 228. Although it may be argued that the officers could have left the assistant district attorney in charge of the taxicab while they booked the arrestees and obtained a search warrant, the record does not reflect that the attorney was armed or qualified to perform such a function. Accordingly, there was no practical alternative available to the officers under the exigent circumstances other than an intrusion into the arrestee's privacy to the extent necessary to preserve the evidence which they had probable cause to believe was located inside the taxicab.
A review of the nine remaining assignments of error reveals no reversible error. Two were not briefed or argued and are considered to have been abandoned. The assignments that were briefed presented insubstantial questions concerning the identity of a confidential informant; the refusal of the court to permit the defendant to raise the issue of constructive possession of drugs at a preliminary hearing; the propriety of allowing the assistant district attorney to testify as a fact witness; the introduction *939 of a mechanical reproduction of the rights of arrestee form; the introduction of testimony regarding the use of heroin by the defendant; the introduction of a syringe which did not contain any heroin; and the imposition of a life sentence.
Accordingly, defendant's conviction and sentence are affirmed.