PER CURIAM.
The order dismissing the information in this cause is reversed and the cause is remanded to the trial court for further proceedings. The sole basis for the dismissal of the information herein was that the defendant Jules Spencer had been unlawfully arrested by the police without probable cause. Even if this be true, and we express no opinion thereon, the law is well-settled that an indictment or information may not be dismissed by a trial court on the ground that the police unlawfully arrested the defendant based on no probable cause. This being so, we have no alternative but to reverse the order of dismissal under review. Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54, 68 (1975); State v. Schroeder, 112 So.2d 257, 261 (Fla.1959); State v. Colquitt, 411 So.2d 1039 (Fla. 3d DCA 1982); State v. Brooks, 388 So.2d 1291, 1292 (Fla. 3d DCA 1980); State v. Mach, 187 So.2d 918, 922-23 (Fla. 2d DCA 1966).
Reversed and remanded.