ORFINGER, Judge.
The defendant below appeals from an order of the County Court of Orange County holding that the question of the legality of defendant’s arrest is a question of law for the court and not an issue to be submitted to the jury, despite the factual conflict surrounding the arrest. The county court certified the issue to this court as one of great public importance under Florida Rule of Appellate Procedure 9.160 (1985), and we accepted jurisdiction.
Defendant was charged with driving under the influence of alcohol to the extent that his normal faculties were impaired, in violation of section 316.193, Florida Statutes (1983). He pled not guilty and demanded trial by jury. In his opening statement at trial, defendant’s counsel told the jury “I’m going to tell you right now, the defendant was probably intoxicated to the extent that his normal faculties were impaired.” He argued, however, that his sole defense would be that the defendant’s arrest was illegal, and that this was the question the jury was to decide. Ultimately, however, concluding that the legality of the arrest was a question of law for the court and not for the jury, the trial court resolved the conflicting facts in favor of the State and found the arrest to be valid. Thereupon, the defendant changed his plea from not guilty to nolo contendere, reserving the right to appeal the issue which the county court has certified to this court.
The “issue” which appellant contends is dispositive of this appeal was not an issue at all in the prosecution or defense of the charges against the defendant. While a probable cause determination is necessary as a prerequisite to extended restraint of a defendant’s liberty following arrest, an illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. United States v. Crews, 445 U.S. 463, 475, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed.2d 541 (1952); Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); State v. Tillman, 402 So.2d 19 (Fla.3d DCA 1981). Neither should an indictment or information be dismissed by a trial court on the ground that the police unlawfully arrested a defendant based on no probable cause. See State v. Spencer, 443 So.2d 1086 (Fla.3d DCA 1984).
The confusion below apparently stems from the reliance by the appellant on cases such as Dixon v. State, 101 Fla. 840, 132 So. 684 (1931) and City of Miami v. Nelson, 186 So.2d 535 (Fla.3d DCA), cert. denied, 194 So.2d 621 (Fla.1966), but those cases are inapposite to the proposition before us. In both those cases, the police officers were the defendants, and the question of probable cause to arrest was an issue in the case. In Dixon, the police officers were charged with a criminal offense because they shot at a fleeing vehicle, wounding several of the occupants. Their defense was that they were attempt *496 ing to stop the vehicle based on information they had which indicated that it might have been stolen. Probable cause to arrest and to use force in effecting that arrest was an issue in the case, and like other issues, was properly submitted to the jury because there was a conflict in the testimony. Nelson was a civil suit for damages against the City of Miami, based on allegations that its police officers had used excessive force in apprehending and arresting the appellee. Thus the question of probable cause to effect appellee’s arrest and apprehension became a vital issue in the case, to be decided by the court “where there is no dispute in the testimony about the facts constituting the reasonable grounds for the belief that a felony has been committed ..Nelson at 538, or by the jury where there was a dispute in the testimony. These cases have nothing to do with the issue before us here.
The legality of the arrest becomes an issue when the defendant seeks to suppress evidence either by a motion to suppress or by objection to evidence offered at trial, but even then the issue is resolved by the court and not by the jury, even though mixed questions of fact and law are involved. Chaney v. State, 237 So.2d 281 (Fla.4th DCA 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). No such motion or objections were presented here. Therefore, even if the arrest was unlawful, a point we are not required to decide in the context of the case before us, it was not a defense to the charges against the defendant nor did it prevent the State from proceeding with the prosecution.
Because the defendant pled nolo conten-dere in the course of the trial, other complained of procedural errors at trial become moot and need not be considered. The judgment of the trial court is therefore affirmed.
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.