## DICK v STATE OF FLORIDA

Case No. 88-25-AP

Fourth Judicial Circuit, Duval County

January 17, 1989

### APPEARANCES OF COUNSEL

**Al Millar,** for appellant.

**Edward T. Austin,** State Attorney and **Nancy Bramlett Barnard,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

FREDERICK B. TYGART, Circuit Judge.

Several issues are raised in this appeal, to-wit: the validity of the Appellant's arrest; whether the validity of this arrest was properly challenged before trial; and whether the testimony of Ellen Duncan was properly admitted at trial. Of these the key issue is whether the validity of Appellant's arrest was properly challenged before trial. If it was not, then it is waived and the issue of whether Ellen Duncan's testimony should have been admitted at trial is moot.

Appellant filed a motion to dismiss pursuant to Rule 3.190(c)(4),

Fla. R. Cr. P., alleging generally that his arrest was invalid. This motion was denied as it was not sworn to.

The trial court properly denied the motion to dismiss. Rule 3.190(c)(4) requires that such motions be sworn to and this motion was not. "A motion to dismiss under this rule should be summarily denied when it is not sworn to by the defendant who, by taking the oath, thus subjects himself to the penalties of perjury if his recitation of 'undisputed facts' is false." *State v Upton,* 392 So.2d 1013, 1016 (Fla. 5th DCA 1981); accord, *State v Bethea,* 409 So.2d 1139 (Fla. 2d DCA 1982).

This motion was not refiled by the defendant and, therefore, his right to challenge the validity of his arrest was waived and the State was free to proceed with its case. "[A]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor is a defense to a valid conviction." *Perry v State,* 478 So.2d 494, 495 (Fla. 5th DCA 1985).

In conclusion, the arrest, even if invalid, does not provide a basis to overturn the Appellant's conviction as the validity of the arrest was not properly challenged before trial.

AFFIRMED.