560 So.2d 1282 (1990)
The STATE of Florida, Appellant,
v.
E.T., a Juvenile, Appellee.
No. 89-1464.
District Court of Appeal of Florida, Third District.
April 24, 1990.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel and Charles Fahlbusch, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
*1283 HUBBART, Judge
This is an appeal by the state from a final order dismissing a petition for delinquency. See § 39.14(1)(b)(1), Fla. Stat. (1989). The sole issue presented for review is whether a petition for delinquency which charges a juvenile with a misdemeanor offense is subject to dismissal on the asserted ground that the police officer, who caused the arrest leading to the ultimate prosecution of the juvenile for said offense, had no lawful authority to effect such arrest under Section 901.15(1), Florida Statutes (1987). We hold that such a petition is not subject to dismissal based on this ground, and, accordingly, reverse the final order under review.

I
On January 12, 1989, the State Attorney for the Eleventh Judicial Circuit of Florida filed a duly sworn petition for delinquency charging the respondent E.T. with the misdemeanor offense of simple battery [§ 784.03, Fla. Stat. (1987)] before the circuit court below. After a denial plea was entered, the respondent filed a motion to dismiss this petition on the ground that the police officer who arrested the respondent for the subject battery offense had no lawful authority to do so under Section 901.15(1), Florida Statutes (1987), because the alleged battery was committed outside the presence of the arresting officer. The motion, in turn, set out certain facts concerning the alleged offense, the police investigation thereof, and the subsequent prosecution of the respondent; these facts were drawn from sworn discovery depositions taken by respondent's court-appointed counsel in the case.
The facts stated in the motion to dismiss revealed that in the afternoon hours of December 15, 1988, the respondent E.T. was involved in a fist fight with the complainant L.C. and another juvenile. During the course of the fight, L.C.'s mother arrived and the fight ended, whereupon the respondent and the third juvenile left the scene. L.C.'s mother then went to the respondent E.T.'s house, spoke with E.T.'s mother, and thereafter telephoned the police. Officer C.F. Edwards of the Metro-Dade Police Department responded to the call and interviewed the complainant L.C. and L.C.'s mother concerning the circumstances surrounding the subject fight. Officer Edwards then asked E.T.'s parents to locate E.T.; within five to ten minutes later, E.T.'s parents returned with the respondent E.T. and the corespondent J.F., the third juvenile involved in the fight. Officer Edwards then questioned E.T. and J.F. concerning their version of the subject fight and at the conclusion thereof informed the two juveniles that "they were going to be in Juvenile Hall."
Officer Edwards and L.C.'s mother then jointly executed a complaint/arrest affidavit which, in turn, led to the arrest of the respondent E.T. and the filing of the subject delinquency petition. This affidavit relates, in essence, that the subject fight arose over a bicycle which had been stolen from the complainant L.C.; that L.C. found his stolen bicycle in the possession of the respondent E.T. and the corespondent J.F.; that L.C. asked for his bicycle back and at first E.T. and J.F. refused; and that later E.T. and J.F. did return the bicycle, but then set upon L.C. by kicking and punching him, leaving red welts on L.C.'s chest and face.
Based on the above facts, the respondent urged below that Officer Edwards had no lawful authority to jointly (with L.C.'s mother) swear out the complaint/arrest affidavit which led to the respondent's arrest and the filing of the subject delinquency petition because (a) Section 901.15(1), Florida Statutes (1987), prohibits a police officer from making a warrantless arrest of a person for a misdemeanor committed outside the presence of the arresting officer, and (b) the battery (a misdemeanor) allegedly committed by the respondent herein took place outside the presence of Officer Edwards. This being so, the respondent urged that the delinquency petition was fatally defective and should be dismissed. *1284 The trial court agreed and granted the respondent's motion to dismiss on the basis of this alleged "unlawful arrest." The state appeals.

II
We are unaware of any legal authority, and the parties have cited us to none, which authorizes a trial court to dismiss an indictment, information, complaint affidavit, traffic summons, or delinquency petition on the ground that the subject accusatory pleading emanated from or was based upon an illegal arrest of the accused defendant or juvenile. To the contrary, the law in Florida is well settled that "a court will not, for the purpose of determining a motion to quash, consider the legality, character, or sufficiency of the evidence upon which an indictment or information is based," State v. Shroeder, 112 So.2d 257, 261 (Fla. 1959); accord State v. Colquitt, 411 So.2d 1039 (Fla. 3d DCA 1982); State v. Mach, 187 So.2d 918, 922-23 (Fla. 2d DCA 1966); that "an indictment or information may not be dismissed by a trial court on the ground that the police unlawfully arrested the defendant based on no probable cause," State v. Spencer, 443 So.2d 1086 (Fla. 3d DCA 1984), because "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution nor as defense to a valid charge," State v. Tillman, 402 So.2d 19, 20 (Fla. 3d DCA 1981); accord State v. Brooks, 388 So.2d 1291, 1292 (Fla. 3d DCA 1980); State v. Umbrecht, 371 So.2d 1109 (Fla. 4th DCA 1979); and that "the power of a court to try a person for crime is not impaired by the fact that he ha[s] been brought within the court's jurisdiction by reason of `forcible abduction' [or other illegal arrest]." Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541, 545 (1952); accord Jones v. State, 386 So.2d 804 (Fla. 1st DCA 1980); Akins v. Hamlin, 327 So.2d 59 (Fla. 1st DCA 1976). Without question, these rules are equally applicable to delinquency petitions and proceedings thereunder  inasmuch as such petitions are accusatory pleadings, like indictments or informations, that charge a juvenile with delinquent acts and are filed in the sole discretion of the state attorney. § 39.05(1), (2), Fla. Stat. (1987); Fla.R. Juv.P. 8.110; see Johnson v. State, 314 So.2d 573, 577 (Fla. 1975).
The underlying rationale for the above line of authority seems obvious enough. The decision whether to prosecute a person for a criminal offense or for a delinquent act and on what evidence has traditionally been considered a purely executive function. State v. Bloom, 497 So.2d 2, 3 (Fla. 1986); Johnson v. State. The courts have therefore never gone behind indictments, informations, delinquency petitions, or other accusatorial pleadings to determine whether the executive authority had sufficient or lawful evidence to institute the subject prosecution; nor do the courts mandamus executive authorities to institute prosecutions upon an alleged showing of criminal wrongdoing. See Thompson v. Reno, 546 So.2d 83 (Fla. 3d DCA 1989). If the courts ever launched into such heady and often political waters, it is thought that their judicial role as impartial arbiters would be severely compromised because they, rather than the prosecuting authorities, would be determining which persons should or should not be prosecuted.
Moreover, an accused person who has been illegally arrested has no justifiable basis to claim that he is immune from any prosecution whatever or that somehow the courts lack personal or subject matter jurisdiction to try him because of the illegal arrest. Clearly, any evidence secured as a direct product of such illegal arrest would generally be inadmissible at the accused's trial, See, e.g., Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Betancourt v. State, 224 So.2d 378, 381 (Fla. 3d DCA 1969), but it would be a travesty of justice to allow such an accused to escape all prosecution whatever where he is otherwise accorded a fair trial and any evidence *1285 secured as a direct product of his illegal arrest is suppressed. See Frisbie v. Collins. Stated differently, a police officer's actions, whether lawful or unlawful, in arresting an accused cannot possibly affect a court's jurisdiction to try such accused  which jurisdiction necessarily includes the power to entertain a defense motion to suppress all evidence at trial secured as a direct product of such illegal arrest. See Fla.R.Crim.P. 3.190(h). A court or an accused cannot be tainted by an illegal arrest so that either or both may somehow be "suppressed"; only evidence obtained as a direct product of the illegal arrest may be suppressed by the court for use by the state at the accused's trial. See State v. Tillman, 402 So.2d 19, 20 (Fla. 3d DCA 1981).

III
Based on this established line of authority, it is clear beyond any hope of successful contradiction that the delinquency petition herein was improperly dismissed by the trial court below. Plainly, the trial court dismissed the subject petition because it emanated from or was based upon an alleged illegal arrest of the respondent. Under established Florida law, the trial court had no authority to go behind the delinquency petition and decide, as it did, that the entire prosecution was somehow tainted by Officer Edwards' actions in filing the allegedly defective affidavit which led to the respondent's arrest and prosecution. Even if this arrest was illegal or the affidavit defective, and we express no opinion thereon, this conclusion could form no basis for dismissing the subject petition. The final order under review dismissing the juvenile delinquency petition below is therefore reversed, and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.