SCHWARTZ, Chief Judge.
The county court dismissed a DUI charge because the defendant’s warrant-less arrest by a back-up officer was found unlawful. The affirmance of that dismissal by the circuit court plainly departed from the essential requirements of the law, both because
(a) even an unlawful arrest does not justify outright dismissal of the underlying charge, State v. E.T., 560 So.2d 1282 (Fla. 3d DCA 1990); Darby v. State, 502 So.2d 1358 (Fla. 5th DCA 1987), review denied, 511 So.2d 298 (Fla.1987), cert. denied, 484 U.S. 897, 108 S.Ct. 231, 98 L.Ed.2d 190 (1987); Perry v. State, 478 So.2d 494 (Fla. 5th DCA 1985); State v. Spencer, 443 So.2d 1086 (Fla. 3d DCA 1984); Campbell v. County of Dade, 113 So.2d 708 (Fla. 3d DCA 1959); 1 W. LaFave, Search & Seizure § 1.9 (2d ed. 1987 & Supp.1991); 21 Am.Jur.2d Criminal Law § 340 (1981); and
(b) the arrest in question was in fact validly effected. § 901.18, Fla.Stat. (1989); State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990), and cases cited.
Accordingly, the judgment under review is quashed and the cause remanded with directions to require the county court to reinstate the prosecution.
Certiorari granted.