PER CURIAM.
We reverse the trial court’s order, dismissing the information against appellee.
Appellee was properly arrested under a statutorily authorized agreement between Hollywood and Pembroke Pines. However, the trial court dismissed the charges because the Pembroke Pines officers did not turn appellee over to the Hollywood police as contemplated by the agreement. Instead, the officers returned to their own police station and then transported appellee to the county jail.
We have not found controlling precedent or a case from any court addressing whether dismissal is an appropriate remedy for breach of a mutual aid law enforcement agreement.
*70 The only court which appears to have addressed what could be construed as analogous circumstances is the Fifth District Court of Appeal. In Darby v. State, 502 So.2d 1358 (Fla. 5th DCA), rev. denied, 511 So.2d 298 (Fla.), cert. denied, 484 U.S. 897, 108 S.Ct. 231, 98 L.Ed.2d 190 (1987), the fifth district concluded that an unlawful or invalid arrest by a police officer outside the territorial jurisdiction does not justify dismissal of charges. The court held that the validity of an arrest has no bearing on the guilt or innocence of an accused and is not necessary to the jurisdiction of a court in a criminal case. Id. at 1359. Cf. State v. Ostrow, 579 So.2d 292 (Fla. 3d DCA 1991); State v. E.T., 560 So.2d 1282 (Fla. 3d DCA 1990).
On remand, we direct that the charges against appellee be reinstated. While the officers may not have complied with the agreement after the initial valid arrest, we see no prejudice to appellee, and no basis for dismissal of the charges.
GLICKSTEIN, C.J., and ANSTEAD and HERSEY, JJ., concur.