635 So.2d 784 (1994)
STATE of Louisiana, Plaintiff-Respondent,
v.
Ricky LANGLEY, Defendant-Relator.
No. 94 00326.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1994.
Writ Granted in Part; Otherwise Denied April 14, 1994.
*785 Patricia Head Minaldi, Frederick Wayne Frey, Paul Peter Reggie, for plaintiff respondent.
Clive Adrian Stafford Smith, for defendant applicant.
R. Neal Walker, for applicant.
PER CURIAM.
WRIT DENIED: The trial judge ruled that the Georgia parole violation warrant on which the Louisiana law enforcement authorities relied to arrest the defendant was valid. The parole violation warrant was not stale, and its execution was not unreasonably delayed. The delay in execution of the defendant's parole violation warrant was not seventeen months, as the defendant alleges, but much less; defendant's whereabouts were not known from September of 1990 until September of 1991, and from December 1, 1991 until his arrest on February 10, 1992. The Georgia and Louisiana authorities knew the defendant's location for three months, at most, and after he moved out of his parents' home in December of 1991, defendant never tried to contact any parole officer about his new address. Furthermore, the actions of the Georgia authorities, initiating the process for transfer of parole supervision to Louisiana, did not vitiate the warrant or establish a waiver of Georgia's right to enforce it, since Louisiana was investigating the defendant and the transfer had not been officially completed. Until the transfer of the defendant's parole supervision had been completed, Georgia retained authority to execute the warrant. During this period, the defendant once again absconded from supervision, never informing anyone about his new residence, and exhibited his inability to conform to conditions of parole. The defendant's actions and inactions had frustrated the attempts by both Georgia and Louisiana parole authorities either to transfer parole supervision or to execute the parole violation warrant. Therefore, there is no error in the trial court's ruling that the parole violation warrant was valid. See Saunders v. Michigan Department of Corrections, 406 F.Supp. 1364 (E.D.Mich. S.D.1976); Peoples ex rel. Flores v. Dalshiem, 66 A.D.2d 381, 413 N.Y.S.2d 188 (1979).
Since the police arrested the defendant pursuant to a valid parole violation warrant, once the defendant was informed of his Miranda rights and waived them, the police legally questioned him about the disappearance of Jeremy Guillory. Colorado v. Spring, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987). The policemen's actions in arresting the defendant were justified by an objective standard of probable cause to arrest arising from the parole violation warrant, and the subjective motive of the officers to question the defendant about a child's disappearance will not invalidate an otherwise legal arrest. State v. Wilkens, 364 So.2d 934 (1978); United States v. Causey, 834 F.2d 1179 (5th Cir.1987).
We further find the trial court correctly denied the defendant's motion to exhume the body of Ricky Lawrence to obtain tissue samples, and to obtain hair samples from Keith Istre as the defendant failed to present sufficient evidence to support his requests. Furthermore, the defendant has available to him the DNA results.
The defendant's motion to quash alleges that the Louisiana capital murder statute is unconstitutional. However, the defendant's argument challenges the requirement of La.Code Crim.P. art. 651 which limits the defendant's right to introduce evidence of a diminished capacity without a dual plea. The defense of diminished capacity is not recognized in Louisiana and the defendant may not introduce evidence of a mental condition or defect which renders him incapable of forming specific intent to commit a crime, unless he enters a dual plea of not guilty and not guilty by reason of insanity. State v. Wade, 375 So.2d 97 (La.1979), cert. denied, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 249 (1980); State v. Bell, 543 So.2d 1013 (La.App. 3d Cir.1989). La.Code Crim.P. art. 651 has been upheld as constitutional. *786 State v. Lecompte, 371 So.2d 239 (La.1979). Therefore, the defendant's motion to quash was properly denied.
Concerning the evidence admissible at the penalty phase, although the defendant was twice convicted of lesser offenses than those originally charged, the state is entitled to present the testimony of either the victims or eyewitnesses to these crimes, and these witnesses should not be limited in how much they can describe of the defendant's conduct during the commission of these prior offenses. The defendant will be protected by the court's ruling that it will control the extent of examination to prevent anyone from mentioning the fact that the defendant was actually charged with greater offenses but convicted of lesser offenses. The per curiam opinion rendered in State v. Durham, 94-534, 634 So.2d 848 (La.1994), does not clearly express an intent by the supreme court to overturn State v. Jackson, 608 So.2d 949 (La.1992). Therefore, at this time, the trial judge's ruling is correct, since it falls within the limitations set forth by State v. Jackson, 608 So.2d 949 (La.1992). If the trial court's ruling is violated at trial, the defendant will have an adequate remedy on appeal.
Lastly, we find the trial court correctly ruled the defendant's statement that if he was let out he would "do it again," admissible during the penalty phase since it is relevant to the character and propensities of the defendant. La.Code Crim.P. art. 905.2.
Accordingly, we find no error in the trial court's rulings. Defendant's request for a stay is denied.
COOKS, J., dissents on the issue of the admissibility during the penalty phase of the defendant's statement that if he was let out he would "do it again," but concurs in all other respects.