174 So.2d 415 (1965)
Charles LeRoy HUNTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-760.
District Court of Appeal of Florida. Third District.
April 27, 1965.
Robert L. Koeppel, Public Defender, and Phillip Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., Tallahassee, for appellee.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
On March 1, 1963 in the Criminal Court of Record for Dade County, Florida, the appellant was charged with the crime of second degree murder.
On March 7, 1963 the appellant was arraigned and entered a plea of "not guilty". He was represented at the arraignment by the Public Defender for Dade County.
On June 3, 1963 appellant withdrew his prior plea of "not guilty" and tendered a plea of "guilty" to manslaughter, which plea was accepted. At this hearing he was represented by private counsel of his own choosing.
He was adjudicated guilty of manslaughter and sentenced to be imprisoned in the state penitentiary.
Appellant filed a petition for relief under Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix, and the petition was denied by the trial court. Appellant appealed to this court.
*416 The essential facts of the appeal are based on these allegations in the petition:
"1. `That Petitioner was arrested on Dec. 16, 1962, and was lodged in Her majesty Prison, Fox Hill, Nassau, Bahamas, on a warrant not signed by the Governor, of the State of Florida, Thus Violating, Florida State Statute, 941.22. * * *'"
"2. `That Petitioner did not sign any waiver of Extradition of any kind.'"
In Lascelles v. State of Georgia, 1893, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549, 551, the petitioner in habeas corpus, who had been returned to Georgia under extradition proceedings to stand trial on stated charges, was, while waiting trial, indicted by the grand jury for a new and distinct offense. To the contention that his trial on such an indictment would be contrary to the Constitution and extradition statutes, the court declared:
"But it is settled by the decisions of this court that, except in the case of a fugitive surrendered by a foreign government, there is nothing in the constitution, treaties or laws of the United States which exempts an offender, brought before the courts of a state for an offense against its laws, from trial and punishment, even though brought from another state by unlawful violence, or by abuse of legal process. Ker v. [People of State of] Illinois, 119 U.S. 436, 444, 7 Sup.Ct.Rep. 225 [30 L.Ed. 421] [30: 421, 424]; Mahon v. Justice, 127 U.S. 700, 707, 708, 712, 8 Sup.Ct.Rep. 1204 [32 L.Ed. 283] [32: 283, 285-287]; Cook v. Hart, 146 U.S. 183, 190, 192, 13 Sup. Ct.Rep. 40 [36 L.Ed. 934] [36: 934, 938, 939]." (Emphasis supplied).
In Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, the petitioner in habeas corpus alleged that while living in Illinois, he had been forcibly seized, handcuffed, blackjacked, and taken to Michigan and there tried and convicted. It was contended that this conduct violated not only the due process clause of the 14th Amendment, but also the Federal Kidnapping Act, 18 U.S.C.A. § 1201. In holding that petitioner was not entitled to release on habeas corpus, it was said by Mr. Justice Black, speaking on behalf of a unanimous court:
"This Court has never departed from the rule announced in Ker v. [People of State of] Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a `forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."
The Court further held that even assuming petitioner's seizure and transportation to constitute a violation of the Kidnapping Act, this would not entitle him to release.
Under these authorities, after the appellant has actually been returned to Florida, the demanding state, it is too late to litigate an issue which could and should have been raised in Nassau, Bahamas, the asylum jurisdiction, prior to the return of the appellant; or which could have been brought to the attention of the trial court at the original adjudication.
In addition, the appellant was represented by able and competent counsel *417 throughout these entire proceedings and voluntarily withdrew his plea of "not guilty" and entered a plea of "guilty" to the charge.
Where an appellant has pleaded "guilty", he may not be heard to question the procedure followed at the trial, though an erroneous judgment or conviction will be set aside. It would appear, therefore, that the defendant has waived his right to challenge this matter. Mixon v. State, Fla. 1951, 54 So.2d 190.
The decision of the trial court is therefore affirmed.