**UNITED STATES of America,**
Appellee,

v.

**Talmadge Hilton OGLE, Appellant.**

No. 26346.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1969.

Robert A. Beckerle, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, Mobile, Ala., Irwin W. Coleman, Jr., Mobile, Ala., for appellee.

Before RIVES, COLEMAN, and MORGAN, Circuit Judges.

PER CURIAM:

Talmadge Hilton Ogle was indicted for the transportation of a motor vehicle from Laurel, Mississippi to Marengo County, Alabama, knowing it to have been stolen. A jury at Mobile deliberated eleven minutes before finding him guilty as charged. The government proved the offense by the testimony of the owner of the automobile, the defendant's sister, and two Alabama officers. This evidence was never, in any respect, disputed.

The prosecutor proceeded, however, to introduce a confession given by the defendant to an agent of the Federal Bureau of Investigation. The admissibility of this confession is the sole issue raised on this appeal.

In a hearing before the Court in chambers Ogle emphatically denied that the agent gave him full and complete *Miranda* warnings. The agent, subjected to careful questioning by the Court, testified to the contrary. The Court then found that the warnings were, in fact, given. Since we are unable to say that this finding was clearly erroneous appellate intervention on this score is not justified.

Appellant says, however, that he had an absolute right to the presence of counsel during the interrogation. In other words, he contends that no interrogation or subsequent confession can be valid under any circumstances unless in the presence of counsel.

One has only to read Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) to see that this contention is not well taken. Before an in-custody interrogation an accused must be fully advised of his right to counsel. When so advised he may thereafter voluntarily, knowingly, and intelligently waive the right, Gilpin v. United States, 415 F.2d 638, 5 Cir., 1969; United States v. Venere, 416 F.2d 144, 5 Cir., 1969.

Affirmed.