**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hovsep Chambian CARAMIAN,
Defendant-Appellant.**

No. 72-2067

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1972.

Robert Spiegel, Brenda M. Abrams, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Kenneth G. Oertel, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

The appellant Hovsep Chambian Caramian was found guilty by a jury under an indictment charging him with: (1) the importation of heroin in violation of 21 U.S.C. § 952(a); (2) possession of heroin with an intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (3) conspiracy to violate 21 U.S.C. §§ 841(a)(1) and 952(a).[1] On this appeal

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. According to the indictment, the conspiracy count is based upon 21 U.S.C. § 963. Technically, this is an error in the indictment since § 963 applies only to offenses described in subchapter II of chapter 13 which includes § 952 but *not* § 841 (possession of heroin with intent to distribute). The conspiracy section applicable to § 841 is 21 U.S.C. § 846 which is identical in language to § 963. There is, however, no reference in the conspiracy count to § 846.

he contends that a confession of guilt which was introduced in evidence at his trial was involuntary and should not have been admitted. We find no merit in his contention and affirm.

Caramian claims that his confession to the narcotics charges was involuntary despite the fact that he was twice given *Miranda* warnings prior to confessing. To demonstrate his contention that these warnings were mere formalities and that his confession was in fact coerced, he emphasizes that he is a Spanish speaking alien who was abruptly arrested, stripped naked and searched by twelve armed government agents on a New York City street in the early morning hours of May 28, 1971. The sudden arrest was no doubt a rude awakening to Caramian, but there is no evidence that government agents used excessive force or otherwise acted improperly. There was ample evidence to support probable cause for his arrest and search. Indeed, the existence of probable cause is not here contested by Caramian. This case involved the importation of 156 pounds of pure heroin into this country through the Miami International Airport and its eventual transportation to New York City by Caramian who was under surveillance at all times. There is not the slightest indication of any attempt to extract a confession from him against his will.

The record shows, contrary to Caramian's contentions, that the arresting agents were most conscientious in following constitutionally approved arrest and interrogation procedures. As noted above, he received the *Miranda* warnings twice before making his confession. The first time was when the arrest was made and the second was about an hour later in the office of the U. S. Customs Service where he was given a *Miranda* "card" written in Spanish which he read and claimed to understand. Under the facts of this case we do not have the slightest difficulty in concluding that Caramian knowingly and intelligently waived his fifth amendment rights when he confessed to the narcotics violations. United States v. Montos, 421 F.2d 215, 223–224 (5th Cir. 1970); United States v. Cook, 418 F.2d 321 (9th Cir. 1969): See also United States v. Ogle, 418 F.2d 238 (5th Cir. 1969). We find no error in the determination of the trial court that the confession was voluntary.

Affirmed.