**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hovsep Chambian CARAMIAN,
Defendant-Appellant.**

**No. 72–1933
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1972.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part. I.

Robert A. Spiegel, Coral Gables, Fla., Brenda M. Abrams, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Kenneth G. Oertel, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

The appellant Hovsep Chambian Caramian was tried without a jury pursuant to an executed waiver of jury trial and convicted of bond jumping in violation of 18 U.S.C. § 3150. He challenges his conviction on the ground that he was denied procedural due process.[1] We affirm.

On the last day of trial under an indictment charging narcotics violations and while the jury was deliberating, Caramian who was at liberty on bond and under constant surveillance, left the courthouse with his attorneys, eluded customs agents and disappeared. He was subsequently apprehended and returned to this country to stand trial.

Caramian's due process attack on the bond jumping conviction rests entirely on the theory that under the United States-Bolivia Extradition Treaty he was entitled to a hearing before he could legally be returned to this country to stand trial. We think this argument fails in two respects. First, assuming arguendo that Caramian was entitled to a Bolivian extradition hearing, there is simply no substantial evidence in the record before us to indicate that he was denied one. In fact, Caramian's case on this point consisted solely of a proffer by his counsel that Caramian, if questioned, would deny that he was given an extradition hearing. Second, even if it had been established that no extradition hearing was conducted, we do not think that such a showing would have operated to deprive the district court of jurisdiction to try Caramian on the charges pending against him. The proposition is well established that once a criminal defendant's personal presence is secured before a court of competent jurisdiction, the court's power to try that defendant cannot be impaired or nullified because of the illegality of the means by which he was brought within its jurisdiction. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, 545 (1952); Ker v. Illinois, 119 U.S. 436, 75 S.Ct. 225, 30 L.Ed. 421 (1886); United States v. Vicars, 467 F.2d 452 (5th Cir. 1972). See also Bacon v. United States, 449 F.2d 933, 943–944 (9th Cir. 1971); United States v. Zammiello, 432 F.2d 72 (9th Cir. 1970); Charron v. United States, 412 F.2d 657, 659 (9th Cir. 1969).

Judgment affirmed.

---

1. The bond jumping indictment arose out of narcotics charges upon which Caramian was tried and convicted in August 1971.

The narcotics conviction has been affirmed by this court. United States v. Caramian, 468 F.2d 1369 (5th Cir. 1972).