**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Benjamin Zuleta HERRERA, Defendant-Appellant.**

**No. 74–1831.**

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1974.

Theodore S. Worozbyt, James Martin Gecker, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., J. Robert Cooper, Jerome J. Froelich, Jr., Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from the conviction of appellant by the district court sitting

without a jury on a charge of escape from the United States Penitentiary in Atlanta in violation of 18 U.S.C.A. § 751(a). Appellant was serving a sentence at the time of the escape for violation of the narcotics laws. Following his escape he was able to make his way to Bogato, Colombia, his home. Some fifteen months later he was arrested in Peru and returned to Miami where he was placed in American custody.

In the words of appellant:

"I was travelling in our airplane from Santiago to Quito. The airplane stopped at Lima, Peru. He stopped over to refuel, and two American agents, one named Verdugo, and two Peruvian agents, those agents took me out of the airplane to meet another person, and I was accused to be escaped from one American prison."

He also stated that he stayed in Peru five days and was then taken to the airport and "deported" to the United States. He described the trip from Lima to Miami as follows:

"Q When you came from Peru to Miami, was there a Peruvian police officer with you?

"A Yes, one from Peru and one from the United States."

█ The escape was not disputed. The principal assignment of error is the contention that under present standards of due process, the district court was divested of jurisdiction over appellant by virtue of the illegality of his arrest in Peru and subsequent delivery to the federal authorities in Miami. The argument is that he was kidnapped and forcibly abducted in contravention of federal statutes, and in a manner which violated the territorial integrity of Peru contrary to the United Nations Charter and the Charter of the Organization of American States. He also urges a loss of jurisdiction by reason of the failure of the United States to follow the orderly processes of extradition under the treaty between the United States and Peru.

It is settled by both Supreme Court decisions and decisions of this court that these contentions are without merit. Ker v. Illinois, 1886, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421; Frisbie v. Collins, 1952, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541; United States v. Caramian, 5 Cir., 1972, 468 F.2d 1370, 1371; United States v. Vicars, 5 Cir., 1972, 467 F.2d 452, 455; United States v. Cotten, 9 Cir., 1973, 471 F.2d 744, 748; Hobson v. Crouse, 10 Cir., 1964, 332 F.2d 561.

We have considered the case of United States v. Toscanino, 2 Cir., 1974, 500 F. 2d 267, en banc rehearing denied, two judges dissenting, 43 USLW 2175 (October 8, 1974). It involves claims of kidnapping, extended torture and electronic surveillance by or at the direction of United States officials in a foreign country with the consent and knowledge of the United States Attorney for the Eastern District of New York. Aside from the wide variance between facts of this case and the claims asserted in *Toscanino*,[1] we are bound on the basic proposition by the *Ker* and *Frisbie* decisions of the Supreme Court and our decisions cited supra. We find no merit in this assignment of error.

█ We also find no merit in the claim that trial counsel was ineffective. Appellant in a pro se brief filed some months before the brief filed by his counsel makes the additional contentions that taking his good time because of the escape violated the double jeopardy clause, and that the district court abused its discretion in the length of the sentence imposed, a sentence within statutory limits. We likewise reject these assignments of error.

Affirmed.

1. Appellant is represented on this appeal by counsel employed for the appeal. In their appellate brief, they allege facts which read on the claims made by Toscanino. There is no record basis whatever for the claims and counsel so conceded on oral argument. They excuse their unusual conduct on the basis that they recited what they were told post-trial by appellant.