ALDERMAN, Judge.
Appellant, the defendant below, was charged with possession of controlled substance with intent to sell or deliver in violation of Section 893.13(l)(a) 2, Florida Statutes (1975). He attempted to enter a plea of nolo contendere, reserving the right to appeal the trial court’s denial of his motion to suppress evidence. The trial judge refused to accept his plea of nolo contendere, but stated:
“I will accept the guilty plea in this case on the condition subsequent that the defendant reserves the right to have the Appellate Court review some pre-trial ruling of this Court relating to suppression of evidence. I think that is only fair that the questions of law by the trial court be reviewed by the Appellate Court; yet the practice ought to be flexible enough for the man to accept the plea for trial purposes, and if the Appellate Court doesn’t agree, I will state I don’t feel that I have misled the defendant in that if he can’t have his appeal on the suppression of evidence heard, he can re *495 serve his right to withdraw his plea later.”
The case of State v. Ashby, 245 So.2d 225 (Fla.1971) recognized that a defendant could be permitted to plead nolo contendere, conditioned on reservation for appellate review of the question of legality of the evidence seized and used against him. The court in Ashby held the practice to be not objectionable since it expedites resolution of the controversy and narrows the issues to be resolved. However the court stated:
“A different result would obtain if the plea was one of guilty rather than nolo contendere, . .” (At 228.)
The rule in Florida is that a voluntary plea of guilty in a criminal case waives all defects other than jurisdiction. Mixon v. State, 54 So.2d 190 (Fla.1951); Gibson v. State, 173 So.2d 766 (Fla. 3rd DCA 1965); Hunter v. State, 174 So.2d 415 (Fla. 3rd DCA 1965).
The defendant should have been allowed to enter his plea of nolo contendere so he properly could have preserved his right of appeal. We could reverse and remand the case to allow the defendant to withdraw his plea of guilty and enter a new plea of nolo contendere. However such action will not be necessary in this case. No useful purpose would be served in allowing the defendant to bring this matter back before the court. The trial court’s refusal to accept a plea of nolo contendere in this case was harmless error because the point on appeal which appellant sought to preserve is without merit.
Affirmed.
CROSS, J., and CARLTON, CHARLES T., Associate Judge, concur.