UNITED STATES of America,
Plaintiff-Appellee,

v.

Julio A. LARA, Defendant-Appellant.

No. 75–3299.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1976.

Gino P. Negretti, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

The defendant asserted on appeal that the United States District Court lacked jurisdiction over his person to sentence him on a prior conviction of conspiracy to transport a stolen vehicle in interstate commerce, and to sentence him on his *nolo contendere* plea to a bond jumping indictment. Defendant's assertion is based on the allegation that he had been tortured in Panama by United States Government agents and abducted to the United States. The defendant had apparently jumped bond while awaiting sentence on the automobile conspiracy and was brought back from Panama some three years later for sentencing and to face the bond jumping indictment.

We remanded the case to the district court for an evidentiary hearing as to the allegation of torture and mistreatment by United States authorities. The case has been returned to us with findings of fact, supported by the record, contrary to defendant's allegations. The district court found that United States agents played no direct role in the torture allegedly administered by the Panamanian authorities, and that the defendant failed to prove that a Government agent was even present at the time. Forcible abduction does not in itself call for any application of the principle of *United States v. Toscanino*, 500 F.2d 267 (2d Cir. 1974), even if that principle did apply in this Circuit. *But see United States v. Herrera*, 504 F.2d 859 (5th Cir. 1974). Thus, the so-called *Ker-Frisbie* rule, which states that a court's jurisdiction over a defendant cannot be defeated because of the manner in which the defendant was brought before the court, applies to this case. *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 112, 96 L.Ed. 651 (1952). *See United States v. Herrera, supra.*

AFFIRMED.