**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Humberto LOPEZ, Defendant-Appellant.**

**No. 76–1150.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1976.

Gino P. Negretti, (Court-appointed) Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

PER CURIAM:

Humberto Lopez (Defendant) appeals his conviction after a plea of nolo contendere and sentence for five violations of the National Firearms Registration and Transfer Records Act, 26 U.S.C.A. § 5861(d) and his conviction and sentence for violation of the federal bond default statute, 18 U.S.C.A. § 3150, on the ground that the District Court which sentenced him lacked personal jurisdiction to do so. We find that the District Court did have personal jurisdiction over the defendant and accordingly, we affirm.[1]

After his conviction under 26 U.S.C.A. § 5861(d), Defendant posted $5,000 bond and was released. He failed to appear for sentencing and the District Court issued a bench warrant for his arrest. He was then indicted by a grand jury under 18 U.S.C.A. § 3150 for jumping bond and federal agents began searching for him.

Defendant was arrested in the Dominican Republic by local authorities on charges of possessing fraudulent immigration documents. By affidavit before the District Court, Defendant asserts that he was held incommunicado, tortured and interrogated by these authorities for eight days. Although he alleges that this was done at the instigation of the United States, he does not with any factual specificity allege that any United States agents played a direct role in the torture or interrogation.

After his confinement, Defendant was flown back to the United States in the custody of an FBI agent. At his arraignment, Defendant pleaded guilty to jumping bond, later changing his plea to nolo contendere. He also filed motions for subpoenas to depose persons residing in the Dominican Republic, for an evidentiary hearing, and for the Court to divest itself of jurisdiction and order the Defendant released and transported outside the United States. The motions were denied. Defendant was adjudged guilty and sentenced to 18 months to run consecutively with his five concurrent three-year sentences on the original firearms violations.

This appeal followed, challenging his conviction for jumping bond on the ground that the District Court lacked personal jurisdiction over him. Defendant relies primarily on the Second Circuit decision in *United States v. Toscanino,* 2 Cir., 1974, 500 F.2d 267, to support his argument.

The usual rule—the so-called *Ker-Frisbie* rule—is that a Court's jurisdiction

---

1. As this claim relates at least nominally to jurisdiction, we assume, without deciding, that it is reviewable from a conviction following a nolo plea. *See United States v. Sepe,* 5 Cir., 1973, 486 F.2d 1044. *See also United States v. Winter,* 5 Cir., 1975, 509 F.2d 975; *United States v. Mizell,* 5 Cir., 1973, 488 F.2d 97.

over a defendant cannot be defeated because of the manner in which the defendant was brought before the Court. *See Ker v. Illinois,* 1886, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; *Frisbie v. Collins,* 1952, 342 U.S. 519, 72 S.Ct. 112, 96 L.Ed. 651. The exception to this rule announced in *Toscanino* has been strictly limited in later Second Circuit cases,[2] and so far we have declined to apply it in this Circuit.[3]

In *United States v. Lara,* 5 Cir., 1976, 539 F.2d 495, we were faced with a remarkably similar fact situation. In an earlier unpublished opinion we held that the question for determination on remand from a sketchy record was whether or not the United States or its agents played a direct role in the torture or interrogation by foreign authorities. On appeal after remand, without deciding the legal issue of the effect of complicity by United States agents, we affirmed on the basis of the Trial Court's findings of fact. Based on this record we hold, as in *Lara,* that the District Court did have personal jurisdiction over the Defendant and we affirm his conviction.

AFFIRMED.

**3.** *See, e. g., United States v. Lara,* 5 Cir., 1976, 539 F.2d 495; *United States v. Winter,* 5 Cir., 1975, 509 F.2d 975; *United States v. Herrera,* 5 Cir., 1974, 504 F.2d 859.