386 So.2d 804 (1980)
William Henry JONES, Appellant,
v.
STATE of Florida, Appellee.
No. SS-250.
District Court of Appeal of Florida, First District.
June 5, 1980.
Rehearing Denied July 28, 1980.
Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellant.
Eugene T. Whitworth, State's Atty., Jim Smith, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Jones's appeal questions the jurisdiction of the trial court to entertain any prosecution *805 against him other than for the crime of grand theft, the crime which was the basis for the detainer by means of which Florida had him returned from Kentucky. He contends that the Florida Statute, Section 941.45(5)(d) (1979),[1] limits the jurisdiction of the trial court, so that, since he was returned to Florida only for the purpose of facing prosecution for grand theft, the trial court had no jurisdiction to revoke his probation and sentence him on a charge of uttering a forgery. We are compelled, under existing authorities, to hold that the statute, although couched in language which would seem to mandate the result sought by appellant, is nevertheless not jurisdictional.
As a general rule, the court's jurisdiction over a defendant cannot be defeated because of the manner in which he was brought before the court. U.S. v. Lopez, 542 F.2d 283 (5th Cir.1976); U.S. v. Lara, 539 F.2d 495 (5th Cir.1976). These cases apply what is known as the "Ker-Frisbie Rule," Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), and Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), which also has been followed by Florida's Third District Court of Appeal in Hunter v. State, 174 So.2d 415 (Fla. 3rd DCA 1965). Hunter also cites Lascelles v. Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549 (1893), in which petitioner, who had been returned to Georgia under extradition proceedings to stand trial on stated charges, was indicted by the grand jury for a new and distinct offense. In declaring that the trial upon the offense would not be contrary to the Constitution and extradition statutes, the court stated:
But it is settled by the decision of this court that, except in the case of a fugitive surrendered by a foreign government, there is nothing in the Constitution, treaties, or laws of the United States which exempts an offender, brought before the courts of a state for an offense against its laws, from trial and punishment, even though brought from another state by unlawful violence, or by abuse of legal process... . (citations omitted) (148 U.S. at 543, 13 S.Ct. at 689).
* * * * * *
If a fugitive may be kidnapped or unlawfully abducted from the State or country of refuge, and be thereafter tried in the State to which he is forcibly carried, without violating any right or immunity secured to him by the Constitution and laws of the United States, it is difficult to understand upon what sound principle can be rested the denial of a State's authority or jurisdiction to try him for another or different offense than that for which he was surrendered. If the fugitive be regarded as not lawfully within the limits of the State in respect to any other crime than the one on which his surrender was effected, still that fact does not defeat the jurisdiction of its courts to try him for other offenses, any more than if he had been brought within such jurisdiction forcibly, and without any legal process whatever. (148 U.S. at 545, 13 S.Ct. at 690).
Camp v. United States, 587 F.2d 397 (8th Cir.1978),[2] dealing with a provision of the Interstate Agreement on Detainers Act comparable to Florida's Section 941.45(4)(e), held that the provisions of the act did not deprive the trial court of jurisdiction, stating that the interstate agreement on detainers amounts to nothing more than a statutory set of procedural rules which clearly do not rise to the level of constitutionally guaranteed rights; and that the sanctions contained therein have nothing to *806 do with preserving a fair trial, but are instead intended only to prevent excessive interference with a prisoner's rehabilitation in a state prison system.
The order, judgment and sentence are affirmed.
MILLS, C.J., and SHIVERS, J., concur.
NOTES
[1] Section 941.45(5)(d), Florida Statutes (1979), provides in part: "The temporary custody referred to in this Section shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer... or for prosecution on any other charge or charges arising out of the same transaction... ."
[2] The facts in Camp v. United States, were that a state prisoner was taken into federal custody on a charge of robbing a United States Post Office, but was returned to state custody without first bringing him to trial on the federal charge, in contravention of the Act.