Ex parte Michael A. DAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–88–00217–CR.

Court of Appeals of Texas,
El Paso.

Sept. 14, 1988.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

OPINION

OSBORN, Chief Justice.

This is an appeal from a denial of habeas corpus relief from extradition to the State of Ohio, pursuant to a valid governor's warrant. In two points of error, Appellant contends that the trial court erred in denying such release and ordering his discharge due to the manner in which he was removed from the Republic of Mexico and placed in custody in Texas. We affirm.

The general rule is that the illegality of one's transport into a rendering state will not preclude his extradition to a sister state under proper requisition and governor's warrant. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ex parte Manzella,* 452 S.W.2d 913 (Tex.Crim.App. 1970). An exception to that rule was initiated in *United States v. Toscanino,* 500 F.2d 267 (2d Cir.1974). The trial court may be divested of personal jurisdiction as a remedy if American law enforcement personnel or their agents engage in or encourage conduct which is so outrageous and shocking to the conscience as to amount to a denial of due process under the Fifth Amendment. *United States v. Zabaneh,* 837 F.2d 1249, 1261 (5th Cir.1988). In *Zabaneh,* relief was denied because of a failure to prove that American officials were involved in the alleged abusive treatment. See also *United States v. Lopez,* 542 F.2d 283 (5th Cir.1976); *United States v. Lara,* 539 F.2d 495 (5th Cir.1976). In *United States ex rel. Lujan v. Gengler,* 510 F.2d

62 (2nd Cir.1975), there was no showing of abusive mistreatment.

From *Frisbie* and the other cited cases, we know that, absent treaty violation and complaint by the other national signatory to any treaty, kidnapping alone will not support an application of *Toscanino*. From *Lara* and *Lujan*, we know that forcible transfer is also not totally precluded. The conduct must in fact rise to a level of abuse beyond the physical force necessary to effectuate an arrest under acceptable United States standards.

The present record fails to demonstrate a *Toscanino* situation. The conduct depicted by Appellant, while not nice, does not rise to the conscience-shocking level adopted in *Toscanino*. There was no prolonged or gratuitous physical or mental torture. The entire process depicted in Appellant's bill of exception was brief and confined to a level of force proportionate to the resistance and to the accomplishment of the transfer. While the trial court should have permitted the introduction of such testimony on the merits, the inadequate proof demonstrated by the bill renders such error harmless. Having failed to establish a viable *Toscanino* claim, Appellant's Points of Error Nos. One and Two are overruled.

The trial court's order of extradition is affirmed.