**Sylvia DAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–88–00303–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 28, 1988.

John Gates, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a denial of habeas corpus relief from extradition. The lower

court has ordered Appellant's extradition to the State of Ohio pursuant to a governor's warrant. The four points of error presented by Appellant challenge the continuation of her custody and the exercise of limited personal jurisdiction by this State for the purpose of carrying out tender of custody to agents of the State of Ohio. The basis for these points of error is the seizure of her person in Juarez, Mexico, by members of the United States F.B.I. without resort to judicial process or international extradition treaty procedure. Her seizure was contemporaneous with that of her husband, Michael A. Day. He, too, challenged his extradition to Ohio on the same basis. The denial of his request for habeas corpus relief was upheld by this Court in a published opinion. *Day v. State*, 758 S.W.2d 869 (Tex.App.—El Paso, 1988). Due to the marital status of the two Appellants and the fact that they are presently represented by the same counsel, we will not recite the evidence describing the seizures. We do note that, unlike her husband, Appellant Sylvia Day has made no allegation of conscience-shocking abuse-physical, verbal or psychological. Her sole complaint is the formal "illegality" of her seizure.

This is the fourth individual to appear before this Court in three months challenging seizure by F.B.I. agents in Mexico without judicial or diplomatic sanction. *Quintero v. State*, 761 S.W.2d 438 (Tex. App.—El Paso 1988, PDRR); *Blanton v. State*, (Tex.App.—El Paso, no. 08–88–00277–CR, November 2, 1988, unpublished, PDRR). While we reject Appellant's four points of error for the same reasons stated in *Day* and *Quintero*, we do so with the following caveat.

The case law proffered by the State and relied upon by this Court in previously upholding these denials of habeas corpus relief stand only for the proposition that *isolated, spontaneous* illegal seizures of the person, absent abusive treatment shocking to the conscience, will not support a challenge to the Court's personal jurisdiction over the fugitive, *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *United States v. Toscanino*, 500 F.2d 267 (2nd Cir.1974). We do not construe these cases and others cited in *Day* and *Quintero* as affirmative, prospective sanctions for the F.B.I. or any other state or federal law enforcement agency, either directly or through surrogates, to establish a regular policy and practice of engaging in such activity of illegally seizing United States citizens in a foreign country.

We uphold the denial of relief in this case because the four seizures which we have been presented, in fact, reflect but two transactions. A third occurrence will in all probability necessitate consideration of whether we are not, in fact, seeing the results of an organized, coordinated program of international kidnapping which has become a policy of at least this regional branch of the F.B.I. That agency and any other law enforcement agency acting in concert in such activity would be well-advised not to rely upon this Court's resolutions of the *Day–Day* and *Quintero–Blanton* cases. This caveat applies to any such seizure occurring after the date of this opinion. Otherwise, Appellant's four points of error are overruled.

The lower court's order denying habeas corpus relief is hereby affirmed.