**DEBORAH LEE CASTILLO, Petitioner**
**v.**
**CHARLES W. TURNBULL, in his Official Capacity as**
**Governor of The Virgin Islands, HONORABLE, ALVA SWAN,**
**in his Capacity as Attorney General, Agnes George,**
**in her Capacity as Acting Assistant Director and the**
**Warden of the Bureau of Corrections, Respondents.**
**VIOLET ARMOUR, Petitioner**
**v.**
**HONORABLE ALVA SWAN, Respondent**

Civil Misc. No. 34/2005, Civil Misc. No. 38/2005

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 29, 2005

139

DENISE GEORGE-COUNTS, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, U.S. Virgin Islands, *For the Respondent(s)*.

CHARLES S. RUSSELL, JR., Moore, Dodson & Russell, P.C., St. Thomas, U. S. Virgin Islands, *For Petitioner, Violet Armour*.

DEBRA S. WATLINGTON, ESQ., Office of the Territorial Public Defender, St. Thomas, U.S. Virgin Islands, *For the Petitioner, Deborah Lee Castillo*.

HOLLAR, *Judge*

## MEMORANDUM OPINION

(July 29, 2005)

Before the Court are applications for writs of habeas corpus, filed by the Petitioners, pursuant to 5 V.I. CODE ANN. § 1301 *et seq.* The Respondent(s) filed an opposition on June 16, 2005. The Petitioners individually challenge their current detention, at the Bureau of Corrections, pending criminal prosecutions in Criminal Case Nos. F225/2005 and F226/2005, on the ground that their presence in the United States Virgin Islands was illegally procured and not in compliance 5 V.I. CODE ANN. Ch. 331, § 3801 *et seq.* Chapter 331 sets forth the procedure governing criminal extradition in the Virgin Islands and is derived from the Uniform Criminal Extradition Act. For the reasons that follow, Petitioners' applications for Writ of Habeas Corpus shall be denied.

## I. FACTS AND PROCEDURAL HISTORY

On August 20, 2004, warrants were issued from the Territorial Court of the Virgin Islands[1] by the Honorable Rhys S. Hodge, for the Petitioners' arrest, pursuant to 5 V.I. CODE ANN. § 3504. The warrants were then placed on the National Crime Information Center, (hereinafter "N.C.I.C."). On February 9, 2005, the Petitioners were arrested in Hernando County, Florida, pursuant to the outstanding warrants from the U.S. Virgin Islands. On April 20, 2005, Special Agent William A. Curtis, (hereinafter "Agent Curtis"), of the V.I. Department of Justice, advised Judge Donald Scaglione, of Hernando County, Florida, that the Territory of the U.S. Virgin Islands was seeking a Governor's Warrant for the extradition of the Petitioners from Florida to the U.S. Virgin Islands.

Based on the record before this Court, Hernando County improvidently released the Petitioners into the custody of V.I. Department of Justice Agent Curtis, on May 7, 2005, without a U.S. Virgin Islands Governor's Warrant being issued pursuant to 5 V.I. CODE ANN. 3823 and without Petitioners executing a waiver of extradition. Having petitioners in his custody, Agent Curtis handcuffed and escorted them back to the Territory of the United States Virgin Islands via commercial air carrier. Upon arrival in St. Thomas on May 7, 2005, Agent Curtis "officially" arrested Petitioners. Petitioners appeared for advice of rights on May 10, 2005. They were arraigned on May 19, 2005. Subsequently, in a thirty-seven (37) count Information, the People of the Virgin Islands charged the Petitioners with various "white collar" violations of Virgin Islands law.

Initially, both Petitioners filed applications for Writs of Habeas Corpus on May 10, 2005. However, those petitions were denied *inter alia* for failure to satisfy the requirements of 5 V.I. CODE ANN. § 1302.

On May 19, 2005, Petitioner, Deborah Lee Castillo, (hereinafter "Castillo"), represented by the Office of the Territorial Public Defender, Debra S. Watlington, Esq., refiled a Petition for Writ of Habeas Corpus, pursuant to 5 V.I. CODE ANN. §§ 1301 *et seq.* and 3801 *et seq.* Similarly, Petitioner, Violet Armour, (hereinafter "Armour"), represented by Moore Dodson & Russell, P.C., Charles S. Russell, Jr., Esq., of counsel, filed an

---

[1] Pursuant to Bill No. 25-0213, which became effective on October 29, 2004, the name of the "Territorial Court of the Virgin Islands" was changed to the "Superior Court of the Virgin Islands."

Amended Petition for Writ of Habeas Corpus on May 13, 2005, pursuant to 5 V.I. CODE ANN. §§ 1301 *et seq.*, 48 U.S.C.A. § 1561, and V.I.R. APP. P. 14(a), etc.

## II. ANALYSIS

The issues before the Court for resolution are: (1) whether person(s) arrested in the Virgin Islands pursuant to a lawful judicial warrant for crimes in violation of the laws of the Virgin Islands, even if their presence in the territory was procured by unlawful means, presents sufficient grounds for habeas corpus relief; and (2) whether the case upon which Petitioners rely, to wit: *Melendez v. Browne*, 31 V.I. 44 (Terr. Ct. 1995), is distinguishable from the facts presented herein.

**A. Grounds for habeas corpus relief is not available if a person is arrested in the Virgin Islands pursuant to a lawful judicial warrant for crimes in violation of the laws of the U.S. Virgin Islands, even if his or her presence in the territory was procured by unlawful means.**

Title 5 V.I. CODE ANN. § 1301, titled "[r]ight to Writ of Habeas Corpus" provides "every person **unlawfully imprisoned or restrained of his liberty,** under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint." (Emphasis added). Section 1302 provides, in pertinent part, that if on a petition for writ of habeas corpus, the Petitioner alleges to be illegally imprisoned, **"the Petition shall state [in] what the alleged illegality consists."** (Emphasis added). In the cases *sub judice,* counsel for the respective petitioners both challenge the manner by which this Court acquired personal jurisdiction and/or effected process over them. Counsel for Petitioner Armour alleges that the Respondent's agent took the Petitioner into custody, in a foreign jurisdiction, Hernando County, Florida, on May 7, 2005, without the permission of the Hernando County Circuit Court, without any Governor's Warrant being issued for Petitioner's extradition and without Petitioner ever executing a waiver of extradition proceedings. Similarly, counsel for Petitioner Castillo alleges that Petitioner was illegally removed from Florida, and brought to St. Thomas and arrested on May 7, 2005 pursuant to a Governor's (sic)

142

Warrant dated August 20, 2004[2] and without Petitioner ever executing a waiver of extradition proceedings. Both Petitioners also allege violations of their due process rights.

### 1. Jurisdiction is not impaired by the fact that a Defendant is brought within the territory illegally or as a result of fraud or mistake.

The state of the law is well settled, where a person, accused of a crime, is found within the territorial jurisdiction where he is charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged, is impaired by the manner in which he was brought into the jurisdiction, whether by kidnapping, illegal arrest, abduction, fraud, or the like. *See generally*, 21 AM. JUR. 2D *Criminal Law* § 241; John E. Theuman, J.D., Annotation, *Modem Status of Rule Relating to Jurisdiction of State Court to Try Criminal Defendant Brought Within Jurisdiction Illegally or As Result of Fraud or Mistake*, 25 A.L.R. 4th 157 (2004). Even where a Petitioner makes out facts sufficient to prove that the manner of his arrest and deportation from the asylum state to the demanding state deprived him of an opportunity to prove that he was not a fugitive from justice, no legal basis exists to discharged him from the custody of the demanding state. *Pettibone v. Nichols*, 203 U.S. 192, 204, 27 S. Ct. 111, 115, 51 L. Ed. 148 (1906).

Again, in *Mahon v. Justice*, 127 U.S. 700, 708, 8 S. Ct. 1204, 1209, 32 L. Ed. 283 (1888), the U.S. Supreme Court held that the jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it. Having been arrested in the demanding state under writs issued on the indictments against defendant, the question is not the validity of the proceeding in the asylum state, but the legality of his detention in the demanding state where he was arrested. Moreover, on an application for issuance of a writ of habeas corpus, seeking the discharge of a person held in actual custody by a state for trial in one of its courts, under an indictment charging a crime against its laws, **a court cannot consider the methods whereby the**

---

[2] Petitioner's counsel is mistaken as no Governor's Warrant was ever issued for the extradition of Petitioner to the U.S. Virgin Islands. However, on August 20, 2004, Honorable Rhys S. Hodge issued a judicial arrest warrant.

**state obtained custody of the person**. *Pettibone*, 203 U.S. at 215, 27 S. Ct. at 119. (Emphasis added). The question of the applicability of this doctrine to a particular case is as much within the province of a state court, as a question of common law or of the law of nations, as it is of the courts of the United States. *Id.* at 213. *See Cook v. Hart*, 146 U.S. 183, 194, 13 S. Ct. 40, 43, 36 L. Ed. 934 (1892) (holding that where the forms of law have been that the executive warrant has spent its force when the accused has been delivered to the demanding state; that it is too late for him to object even to jurisdictional defects in his surrender; and he is rightfully held under the process of the demanding state).

### 2. The Due Process Clause of Fourteenth Amendment to the United States Constitution, as it applies in the U.S. Virgin Islands, is not offended notwithstanding the illegality of the manner within which the Petitioners were brought within the territory.

 The Court finds the Third Circuit's holding in *United States ex. Rel. Master v. Baldi*, 198 F.2d 113, 116 (3d Cir. 1952), thoroughly addresses Petitioners' allegations of denial of due process of law. In that case, the Petitioner, in support of his application for a writ of habeas corpus, alleged that the Commonwealth of Pennsylvania had denied him due process of law by kidnapping him from Maryland to Pennsylvania. The Third Circuit noted, citing *Frisbie v. Collins*, 342 U.S. 519, 522, 96 L. Ed. 541, 72 S. Ct. 509, 510 (1952) (that the court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444, 7 S. Ct. 225, 229, 30 L. Ed. 421 (1886)), in that the Supreme Court had once again affirmed the long established rule that "the power of a court to try a person for [a] crime is not impaired by the fact that he has been brought within the court's jurisdiction by reasons of a forcible abduction" and rejected Petitioner's claim that he was denied due process of law when he was kidnapped. Courts within the Third Circuit have repeatedly reaffirmed the foregoing principles. *See Bowman v. Wilson*, 672 F.2d 1145, 1146 n.22 (3d Cir. 1982); *United States v. Robert Alexander Best*, 304 F.3d 308, 310 (3d Cir. 2002). In the case *sub judice,* Petitioners have not alleged that they were forcibly kidnapped but that the process by which they were transferred from the custody of Florida officials to the custody of the U.S. Virgin Islands was defective and not in compliance with *inter alia* the procedures for criminal extradition. Significantly,

144

under the laws of the United States and the Territory of the Virgin Islands, there is no right of asylum in the state to which a fugitive has fled from the justice of another state [territory] despite the fact that the proper proceedings for criminal extradition have not been followed. *See Pettibone*, 203 U.S. at 211, 27 S. Ct. at 117.

In *Ker v. Illinois,* where a Defendant, charged with committing a crime against the laws of the State of Illinois, alleged that he was seized in Peru and forcibly brought to the United States in violation of, *inter alia,* the Due Process Clause of the Fourteenth Amendment, the Supreme Court, by a unanimous decision, held that notwithstanding the illegal methods pursued in bringing the accused within the jurisdiction of Illinois, his trial in the state court did not involve a violation of the due process clause of the Constitution. 119 U.S. 436, 30 L. Ed. 421, 7 S. Ct. 225 (1886) (holding that although the case was a clear one of kidnapping within the dominion of Peru ... the principle upon which the judgment rested was that, when a criminal is brought, or is in fact within the jurisdiction and custody of a state, charged with a crime against its laws, the state may, so far as the Constitution and laws of the United States are concerned, proceed against him for that crime, and need not inquire as to the particular methods employed to bring him into the state). Furthermore, the Court held, that the case 'does not stand, when the party is in court, and required to plead to an indictment, as it would have stood upon a Writ of Habeas Corpus in California, or in any state through which he was carried in the progress of this extradition, to test the authority by which he was held.' But see, *Government of the Virgin Islands v. Ortiz*, 427 F.2d 1043, 1045 n.2, 7 V.I. 521 (3d Cir. 1970) (observing that this doctrine (*Ker-Frisbie*) has been seriously questioned because it condones illegal police conduct). Applying the overwhelming case law to the facts herein, Petitioners claims of denial of due process of law in the matters *sub judice* must fail.

### B. The Facts In *Melendez Browne*, 31 V.I. 44 (Terr. Ct. 1995) are Distinguishable From the Facts Presented in the Case *Sub Judice.*

In *Melendez,* the Petitioner filed a writ of habeas corpus challenging his detention by the Respondents alleging: (1) that he was detained beyond the statutorily permissible time allowed by 5 V.I. CODE ANN.

145

§ 3801 *et seq.*; and (2) that he was not brought before a judge following his warrantless arrest as required by 5 V.I. CODE ANN. § 3814.

Interstate rendition or extradition is based on a Constitutional provision known as the Extradition Clause, which provides:

> [a] person charged in any State with Treason, Felony, or other Crime who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. CONST. art. IV § 2. This Constitutional principle has been implemented in the U.S. Virgin Islands by 5 V.I. CODE ANN. § 3801 *et seq.* The local statute is based upon the Uniform Criminal Extradition Act, which the U.S. Virgin Islands have adopted.

In *Melendez,* after examining the U.S. Virgin Islands Criminal Extradition Statute and other applicable law, the Court found that, although the Respondents therein had not detained the Petitioner beyond the statutorily permissible time,[3] their failure to take Petitioner before a judge until ten (10) weeks after Petitioner's initial warrantless arrest, violated his Due Process rights and mandated his immediate release. *Melendez,* 31 V.I. at 49.

The holding in *Melendez* is inapplicable to the case *sub judice* in that, in *Melendez,* the Respondents detained the Petitioner in response to a demand made by the State of Michigan on allegations that Petitioner had escaped from confinement at the Detroit Trumbull Corrections Center. *Melendez,* 31 V.I. at 46. To that end, in *Melendez,* the Respondents were acting as the asylum state [territory] upon which a demand was made by the State of Michigan for the surrender of an alleged fugitive from justice from the State of Michigan. Alleged fugitives from justice, who have been taken into custody pending return to the demanding state, have the right to challenge their arrest and confinement and to seek judicial review of extradition proceedings; however, it is commonly held that such challenges must be made in the asylum state, and will not be

---

[3] The Court held that "contrary to Petitioner's position, [] the language in section 3817, "for a further period not to exceeds sixty days" signifies that the Court may extend a person's commitment for up to sixty days beyond the initial thirty days permitted by section 3815" ... and that under that reading, Melendez' detention did not exceed the maximum permissible statutory limit. *Melendez,* 31 V.I. at 47.

considered by the courts of the demanding state once the prisoner is within their jurisdiction. John E. Theuman, J.D., *supra,* Part I, § 2. Courts in other jurisdictions have so held. *Hunter v. State of Florida,* 174 So. 2d 415, 416 (Fla. 1965) (holding after appellant has actually been returned to Florida, the demanding state, it is too late to litigate an issue which could and should have been raised ... in the asylum state); *Gardels v. Brewer,* 190 N.W.2d 803, 806 (Iowa 1971) (holding that it is well established [that] attacks on the irregularity of extradition proceedings must be made in the asylum state).

■ In the case *sub judice,* Petitioners are attempting to challenge the extradition proceedings in the Court of the demanding state [territory]. While several protections, under the Virgin Islands Criminal Extradition Statute, are afforded,[4] Title 5 V.I.C. CODE ANN. § 3827 provides as to fugitives from the Virgin Islands that:

> "nothing in this chapter constitutes a waiver by the government of the Virgin Islands of its right, power or privilege to try the demanded person for crime[s] committed within the Virgin Islands, or of its right, power or privilege to regain custody of him by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within the Virgin Islands, nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by the government of the Virgin Islands of any of its right, privileges or jurisdiction." (Emphasis added).

---

[4] *See* 5 V.I. CODE § 3803 "no demand for the extradition of a person charged with crime in another state shall be recognized unless in writing alleging ... *inter alia* that the accused was present in the demanding state at the time of the commission of a the alleged crime, and that thereafter he fled from the state;" 5 V.I. CODE ANN. § 3804 "Governor may call upon the United States attorney to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded;" 5 V.I. CODE ANN. § 3810 "no person arrested upon such a warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel ...;" 5 V.I. CODE ANN. § 3811 "any officer who shall deliver to the agent for extradition of the demanding state a person in his custody under the Governor's warrant, in willful disobedience to section 3810 of this title, shall be fined not more than $1,000 or imprisoned not more than six months, or both."

As noted, this provision makes clear that, *inter alia,* the Government of the Virgin Islands, by adopting the Uniform Criminal Extradition Act, has not waived any other right, power or privilege to try those who violate the laws of the territory or its right, power or privilege to regain custody of the same for trial by extradition proceedings or **otherwise**, nor would failed extradition proceedings be deemed a waiver by the Government of its rights, privileges or jurisdiction. Thus, this Court finds that despite the fact that some offense or civil infraction may have been committed within the state of Florida, regarding the return of the Petitioners to the U.S. Virgin Islands, no violence has been done to the laws of the territory by any *ultra vires* extradition carried out or participated by the agents of the Government of the Virgin Islands.

### III. CONCLUSION

Petitioners' challenge of the "unlawful" procurement of their presence in the United States Virgin Islands which subsequently resulted in their current detention. Any jurisdictional defects or civil infractions rest in the courts of the asylum state, to wit: Hernando County, Florida. Defects and infractions in bringing a fugitive to justice does not abnegate the demanding state's [territory's] right to apply its law. Upon delivery to the demanding state's jurisdiction, the proper and remaining inquiry in an application for a writ of habeas corpus centers on the legality of Defendants' detention, and not the extradition proceedings that ensued in their detention. The distinguishing factor in the present case and *Melendez* is the role of the Territory of the U.S. Virgin Islands. In *Melendez,* the Territory of the U.S. Virgin Islands was the asylum state and the State of Michigan was the demanding state seeking Petitioner's surrender to its jurisdiction. Petitioners' right in *Melendez* to challenge extradition lied within the asylum state and was properly raised within the courts of U.S. Virgin Islands. In the case at bar, the Territory of the U.S. Virgin Islands is the demanding state and the State of Florida is the asylum state. Thus, petitioners' right to file any actions or challenge any jurisdiction defects lies in the State of Florida. Accordingly, the applications for writ(s) of habeas corpus are denied.