944 So.2d 1089 (2006)
Greg J. WARDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-812.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Rehearing Denied January 3, 2007.
*1090 James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
William J. Sheppard and D. Gray Thomas of Sheppard, White, Thomas and Kachergus, P.A., Jacksonville, for Appellant.
Greg J. Wardell, Sneads, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Appellant, Greg Wardell, challenges his convictions for trafficking in oxycotin and violation of probation. His primary argument on appeal is that the trial court was without jurisdiction to convict and sentence him where he had previously been adjudicated incompetent by another circuit court. We disagree and affirm appellant's convictions.
Appellant was convicted of racketeering in St. Johns County in 1992. He was sentenced to four and one-half years in the Department of Corrections followed by twenty years probation. On April 22, 2002, an information was filed against appellant in Hillsborough County for burglary and related offenses. On May 15, 2002, an affidavit of violation of probation in the racketeering case was filed in St. Johns County. On June 7, 2002, appellant was charged with one count of trafficking in oxycotin in St. Johns County.
The Hillsborough County case initially proceeded at a quicker pace than the cases in St. Johns County. An issue was raised in the Hillsborough County case as to appellant's mental competency to stand trial. The circuit court judge presiding over the Hillsborough County case, the Honorable Denise Pomponio, appointed two doctors to evaluate appellant. After evaluating appellant, both doctors concluded appellant was mentally incompetent to proceed, but that his competency was restorable. On March 30, 2003, Judge Pomponio entered an order committing appellant to the custody of the Department of Children and Families (DCF). Judge Pomponio specifically stated in the order:

*1091 This Court retains jurisdiction in this cause, and the (appellant) shall not be discharged or released from the commitment within the Department of Children of Families without further order of this court.
Appellant was admitted to the South Florida Evaluation and Treatment Center on April 3, 2003.
On April 23, 2003, the state filed a motion for mental health examination in the St. Johns County cases. One week later, the circuit court judge in St. Johns County appointed two experts to conduct a competency evaluation of appellant. The trial judge also entered an order to transport appellant to St. Johns County. In his order, the circuit judge in St. Johns County recited that he had been advised by DCF, through a state hospital administrator, that appellant no longer met the criteria for continued commitment.
Although the record suggests Judge Pomponio was subsequently made aware of the order to transport issued from St. Johns County, the record is devoid of any evidence that the state sought to obtain an order from Judge Pomponio authorizing appellant's release from DCF's custody.
Appellant was subsequently found competent to proceed in the St. Johns County cases. He was ultimately convicted and sentenced on both the trafficking in oxycotin case and his violation of probation charges. This appeal followed.
Section 916.16(1), Florida Statutes (2001), provides:
The committing court shall retain jurisdiction in the case of any defendant hospitalized as incompetent to proceed or because of a finding of not guilty by reason of insanity pursuant to this chapter. No such defendant may be released except by order of the committing court. The administrative hearing examiner shall have no jurisdiction to determine issues of continuing hospitalization or release of any defendant admitted pursuant to this chapter.
On appeal, appellant contends the trial court did not have jurisdiction because the state failed to obtain an order from the committing court (Judge Pomponio) authorizing the release of appellant from the custody of DCF. Although this issue was never raised with the trial court, appellant correctly notes a court's lack of subject matter jurisdiction can be raised at any time. J.D. v. State, 849 So.2d 458 (Fla. 4th DCA 2003).
While we agree the state failed to comply with section 916.16(1), we reject appellant's argument that the trial court lacked jurisdiction. Subject matter jurisdiction refers to the authority of the court to hear the class of cases to which the particular controversy belongs. Dep't of Revenue v. Pelsey, 779 So.2d 629, 631 (Fla. 1st DCA 2001). We find section 916.16(1) did not divest the trial court of its authority to preside over a felony case arising in St. Johns County. The statute does not expressly state the committing court's jurisdiction over a defendant found incompetent to proceed is exclusive. In Florida, circuit courts are tribunals of plenary jurisdiction having authority over any matter not expressly denied them by the Constitution or applicable statutes. Dep't of Rev. v. Kuhnlein, 646 So.2d 717, 720 (Fla.1994). Furthermore, the manner by which a criminal defendant is brought before a court, even if improper, does not divest a court of subject matter jurisdiction. See Remeta v. Dugger, 622 So.2d 452 (Fla.1993); Jones v. State, 386 So.2d 804 (Fla. 1st DCA 1980); Hunter v. State, 174 So.2d 415 (Fla. 3d DCA 1965).
Because of the lack of an objection, we do not need to determine the proper remedy for the state's failure to comply with *1092 the statute's requirement to obtain an appropriate release order from the committing court. We would note the failure of the state to comply with the statute did create the potential for a procedural quagmire. For example, should appellant have been kept in the state hospital or in the local jail while awaiting trial on his St. Johns County cases? Should appellant have been transported to the Department of Corrections or have been returned to DCF's custody upon the conclusion of his sentencing hearing? While it is unnecessary to resolve these questions today,[1] we remind the state of its obligation to comply with the law.
We find the other issue raised on appeal by Wardell to be without merit. Walls v. State, 926 So.2d 1156 (Fla.2006).
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] During oral arguments, both parties advised this court that the state had entered a nolle prosequi in the Hillsborough County case. Therefore, the conflict between the order of commitment entered in Hillsborough County and the sentencing order entered in St. Johns County no longer existed.