# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0256
LT Case No. 2008-MM-32031

_____

ANTHONY VIRGINIA,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 appeal from the County Court for Duval County.
Roberto Arias, Judge.

Anthony Virginia, Wewahitchka, pro se.

No Appearance for Appellee.

October 13, 2023

KILBANE, J.

    Appellant, Anthony Virginia, appeals the summary denial of his claim for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleged that the trial court lacked subject matter jurisdiction over his petit theft charge because it took place on the Jacksonville Naval Air Station, which he contends is "exclusively federal land and jurisdiction." He further asserted that the petit theft conviction prejudiced him because it was scored on his sentencing scoresheet for a

subsequent felony resulting in a life sentence. Without attaching any records to refute Appellant's claim, the trial court summarily denied Appellant's rule 3.850 motion because subject matter jurisdiction should have been raised on direct appeal and the petit theft did not impact his sentence in the felony case. We reverse.

First, this Court has explained that a lack of subject matter jurisdiction can be raised at any time. *Wardell v. State*, 944 So. 2d 1089, 1091 (Fla. 5th DCA 2006); *see also Davis v. State*, 998 So. 2d 1196 (Fla. 1st DCA 2009); *Gunn v. State*, 947 So. 2d 551 (Fla. 4th DCA 2006); *Harris v. State*, 854 So. 2d 703 (Fla. 3d DCA 2003). Thus, Appellant's claim is not barred. *See Cesaire v. State*, 811 So. 2d 816, 817 (Fla. 4th DCA 2002) ("[A]n order entered without subject matter jurisdiction is void.").

Second, although the trial court concluded that Appellant was not prejudiced, the court did not attach records to its order supporting this contention. *See Kimbrough v. State*, 886 So. 2d 965, 981 (Fla. 2004) (explaining that "[t]o uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record" and that "where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record" (quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999))).

Accordingly, we reverse the trial court's summary denial of Appellant's motion. On remand, the trial court is directed to either hold an evidentiary hearing or to attach portions of the record conclusively demonstrating that Appellant is not entitled to relief. *See Dungey v. State,* 359 So. 3d 1261, 1262 (Fla. 5th DCA 2023).

REVERSED and REMANDED.

EDWARDS, C.J., and EISNAUGLE, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____